Darcey vs. Farmers' Lumber Co.

DARCEY, Respondent, vs. FARMERS' LUMBER COMPANY, Appellant.

*November 30 — December 17, 1895.*

*Master and servant: Injury from defective machinery: Inconsistent verdict.*

1. In an action for personal injuries sustained by an employee in a sawmill by his foot slipping. and coming in contact with an uncovered saw, a special verdict finding that defendant was negligent in keeping the saw in the position and condition it was; that such negligence was the proximate cause of the injury; that plaintiff knew or ought to have known the danger of accidentally slipping and being injured by the saw; and that the injury which he received was the result of an accident occurring without the want of ordinary care of either party, is *held* so inconsistent and uncertain that no judgment could be given on it, and it was therefore properly set aside and a new trial granted.

2. It cannot be presumed that the *accident* mentioned in the last finding related to any matter independent of the contact of the plaintiff with the saw and the means by which such contact was caused.

APPEAL from an order of the circuit court for Lincoln county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

Action for personal injury sustained by the plaintiff while in the employ of the defendant in its sawmill. He was of full age at the time of the injury, and had been at work for the defendant in its mill for about twenty days. The case was here upon a former appeal from a judgment in favor of the plaintiff, which was reversed and a new trial granted for the reason that the findings of the jury were contradictory. 87 Wis. 245. The general facts of the case, as well as the former verdict, are there stated.

Upon a subsequent trial the jury returned a special verdict, in substance: (1) The location, situation, and surroundings of the saw by which the plaintiff was injured, and the extent to which it was uncovered and exposed, were known to the plaintiff prior to the time of his injury. (Answered by the court.) (2) The defendant did not exercise reasonable and ordinary care in keeping the saw upon which plaintiff was injured in the position and condition in which it was at the time of the injury. (3) Such want of ordinary care was the direct and proximate cause of the injury which the plaintiff sustained. (4) The plaintiff knew, or ought reasonably to have known, that while performing his duties in the mill there was danger to be apprehended from his accidentally slipping and being injured by the uncovered condition of the saw. (5) The injury which the plaintiff received was the result of an accident occurring without the want of ordinary care of either party. The damages sustained by the plaintiff were assessed at $2,236.56.

The defendant's counsel moved for judgment on the verdict, dismissing the action with costs. The plaintiff's counsel moved to set aside the verdict and for a new trial for the reason, among others, that the verdict was inconsistent and that the defendant was not entitled to judgment thereon. The court made an order setting aside the verdict and granting a new trial, from which the defendant appealed.

Darcey vs. Farmers' Lumber Co.

For the appellant there was a brief by *Stark & Hansen*, and oral argument by *Joshua Stark*.

For the respondent the cause was submitted on the brief of *Cate, Jones & Sanborn*.

PINNEY, J.   The verdict in this case is so inconsistent and uncertain upon essential points that no judgment can be given upon it.   It is useless to speculate in respect to the intention of the jury, or how they arrived at their conclusions, in view of the instructions of the court which are before us. We can regard the verdict in no other light than as a formulation of facts found upon matters within the issue.   The second and third findings clearly impute to the defendant negligence in keeping the saw upon which the plaintiff was injured in the position and condition it was at the time of the injury, which was the direct and proximate cause of such injury.   The first and fourth findings show that the plaintiff was guilty of contributory negligence, or assumed the risk of the consequences of the negligence imputed to the defendant.   Had there been no other findings, it would be clear that judgment should have been given for the defendant; for up to this point the findings are clear, direct, and consistent.   The fifth finding is in direct contradiction of the second as well as the fourth, for it is that "the injury which the plaintiff received was the result of *an accident occurring without the want of ordinary care of either party.*" What the jury intended by these contradictory findings, we are unable to say.   These inconsistencies render the verdict uncertain and insufficient.

The circuit court, in its order granting a new trial, after stating the manner in which the issue had been submitted, arrived at the conclusion that the answers to the questions submitted "clearly showed that the jury failed to comprehend the situation;" that it was "impossible to say from

Darcey vs. Farmers' Lumber Co.

the verdict just what idea the jury had, or just what amount of speculation they may have entered into, to arrive at the result they did;" and that it was "perfectly evident that they failed to pass upon the issue understandingly." The circuit court therefore held that there should be a new trial. In this view we entirely concur. We cannot indulge in the presumption that the *accident* mentioned in the fifth finding related to any matter independent of the contact of the plaintiff with the saw and the means by which such contact was caused. We must intend that it related to the issue and the question of the defendant's liability for the injury the plaintiff had received. A verdict must be reasonably certain,— not inconsistent or contradictory in its provisions. 28 Am. & Eng. Ency. of Law, 262; *McGowan v. C. & N. W. R. Co., ante*, p. 147. The plaintiff was entitled to such a verdict upon the facts constituting his cause of action.

The contention of the defendant's counsel that the verdict with, as well as without, the fifth finding, is in favor of the defendant, does not meet the difficulty; for the fifth finding cannot be rejected, and it is inconsistent with the second and third findings, which impute negligence to the defendant as the direct and proximate cause of the plaintiff's injury, and at the same time exculpates the plaintiff from the charge of contributory negligence or the assumption of risk imputed to him by the first and fourth findings. This left the plaintiff's right to recover to depend upon whether the defendant was or was not guilty of the negligence imputed to it, in respect to which the verdict, as it stands, is fatally inconsistent and uncertain. Where a verdict is so defective that no judgment can be given on it, the result is that there has been a mistrial and that a new trial must be had.

For these reasons we hold that the order of the circuit court setting aside the verdict and granting a new trial is correct.

*By the Court.*— The order of the circuit court is affirmed.