DARCEY, Respondent, vs. THE FARMERS' LUMBER COMPANY
OF WISCONSIN, Appellant.

*February 11 — March 1, 1898.*

*Master and servant: Personal injuries: Res adjudicata: Assumption of
risk: Special verdict: Inconsistency.*

1. The decision on former appeals in an action for personal injuries
   that the plaintiff did not, as a matter of law, assume the risk of
   the accident, and that the evidence was sufficient to support a
   finding of the jury that the keeping of the saw upon which plaint-
   iff was injured in its exposed condition was negligence which was
   the proximate cause of the injury, renders those matters *res adju-
   dicatæ* on appeal from the judgment rendered on a new trial on
   which the evidence was substantially the same as before.

2. A special verdict is *held* sufficient to cover the issue as to plaintiff's
   assumption of risk, although the question submitted on that point
   made what plaintiff, not what a man of ordinary prudence and
   intelligence, ought reasonably to have foreseen under all the cir-

cumstances, the test as to assumption of risk, where, construed in the light of the charge of the court, the answer of the jury to such question was to the effect that the plaintiff, as a man of ordinary intelligence and prudence, in the exercise of ordinary care, ought not to have known, nor reasonably to have expected or foreseen, that he was liable to sustain such an injury while in the performance of his duties.

3. A finding in a special verdict that a person of ordinary prudence and intelligence, engaged in the operation and management of defendant's mill, ought reasonably to have foreseen that an injury would be likely to occur to a person employed as plaintiff was by coming in contact with the exposed saw in question, is *held* not to be inconsistent with a finding that the plaintiff, as a man of ordinary prudence and intelligence, ought not reasonably to have expected or foreseen that an injury would be liable to occur to him while performing his duties in the mill by coming in contact with the saw.

APPEAL from a judgment of the circuit court for Lincoln county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

The facts are stated in the opinion.

For the appellant there was a brief by *Stark & Hansen,* and oral argument by *Joshua Stark.* They contended, *inter alia,* that both the employer and employee stand upon the same footing of responsibility in respect to perils and dangers that are patent, open, and obvious,— dangers which may readily be known and comprehended by any person of ordinary prudence and intelligence, in the exercise of ordinary care. This is especially true where both have equal means of knowledge. *Goltz v. M., L. S. & W. R. Co.* 76 Wis. 136; *Ballou v. C. & N. W. R. Co.* 54 id. 257; *Behm v. Armour,* 58 id. 1; *Casey v. C., St. P., M. & O. R. Co.* 90 id. 113; *Gavigan v. L. S. & M. S. R. Co.* 67 N. W. Rep. 1097; *Klatt v. N. C. Foster L. Co.* 92 Wis. 622; *Holt v. C., M. & St. P. R. Co.* 94 id. 596; *Erdman v. Illinois Steel Co.* 95 id. 6; *Showalter v. Fairbanks, M. & Co.* 88 id. 381; *Luebke v. Berlin Machine Works,* id. 442.

For the respondent the cause was submitted on the brief of *Cate, Sanborn, Lamoreux & Park.*

CASSODAY, C. J.   This is an action to recover damages sustained by the plaintiff while in the employment of the defendant in its sawmill, by reason of the alleged negligence of the defendant in keeping a large rotary saw partially uncovered.   Issue being joined and trial had, the jury, at the close thereof, returned a special verdict to the effect (1) that the location, situation, and surroundings of the saw by which the plaintiff was injured, and the extent to which it was uncovered and exposed, were known to the plaintiff prior to the time of his injury; (2) that the defendant did not exercise reasonable and ordinary care in keeping the saw upon which the plaintiff was injured in the position and condition in which it was at the time of his injury; (3) that a person of ordinary prudence and intelligence, engaged in the operation and management of the defendant's mill, ought to have reasonably expected or foreseen that an injury would be likely to occur to a person employed as the plaintiff was by coming in contact with the saw in question; (4) that the plaintiff did not know, nor ought he reasonably to have expected or foreseen, under all the circumstances, that an injury would be liable to occur to him while performing his duties in the mill by coming in contact with the saw; (5) that they assessed the plaintiff's damages at $2,500.   From the judgment entered thereon the defendant appeals.

When this case was here upon a former appeal, we declined to hold as a matter of law that the plaintiff assumed the risk of the accident.  87 Wis. 245, 249; 91 Wis. 654.   The danger was one not usually attendant upon the plaintiff's employment, and of which he had not been warned.   So it was held upon such appeal that there was evidence sufficient to support the finding of the jury to the effect that the keeping of the saw in its exposed condition was negligence on the part of the defendant which was the proximate cause of the injury.  *Id.*   The evidence on this appeal is substantially the same as on the former appeals.   The plaintiff was twenty-

Darcey vs. The Farmers' Lumber Company of Wisconsin.

three years of age at the time of the injury. The decisions of this court on those appeals necessarily dispose of the exception to overruling the demurrer *ore tenus;* and also the exceptions to the second, third, and fourth findings of the jury, on the ground that they are not supported by the evidence. The first question submitted was, by consent of the parties, answered by the court. The answers to the second and third questions found the defendant's negligence. It is undisputed that the plaintiff knew of the uncovered and exposed condition of the saw.

True, the fourth question submitted related to the knowledge, expectation, or foresight of the plaintiff, instead of a man of ordinary prudence and intelligence in the exercise of ordinary care. Upon that question the court charged the jury that the plaintiff "had been at work at the place in question fifteen or sixteen days, and while so engaged it was his duty to use reasonable care, in examining his surroundings, to observe and take such knowledge of dangers as could be obtained by observation. He is presumed to have known all such risks and dangers as were open and apparent to a person of ordinary intelligence, in view of his age, experience, and means of observation, and which usually attend such employment. But he is not presumed to have known every possible danger of injury that might exist. . . . Taking all the evidence in the case into consideration, if you believe plaintiff knew, or as a reasonably prudent man ought to have known and foreseen, the danger or risks of injury to him while performing his duties by coming in contact with the saw as it then was, then write the proper answer in the verdict, which, in such case, would be 'Yes,' if you so find. If you believe plaintiff did not know, or as a reasonably intelligent man ought not to have expected or foreseen, the danger or risk of injury to him as stated, then your answer should be according to the fact so found. The question is not, Did plaintiff know that the saw was uncovered and

Darcey vs. The Farmers' Lumber Company of Wisconsin.

unguarded? but is, Did he know, or ought he to reasonably have known, the risk or danger of injury resulting therefrom?" The court also properly instructed the jury as to the meaning of "ordinary care" and "ordinary care and prudence," and that the defendant was not bound to provide against every possible accident, nor insure against accident. Under the charge the jury necessarily found that the plaintiff, as a man of ordinary prudence and intelligence, in the exercise of ordinary care, in view of "his age and experience in sawmills," ought not to have known, nor reasonably to have expected or foreseen, that he was liable to sustain such injury while in the performance of his duties. The answers to the third and fourth questions are not contradictory. The portions of the charge quoted are applicable to the case, and justifiable.

We find no reversible error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.

MARSHALL, J. I concur in the decision of this case, governed by the principle of *res adjudicata*. On a former appeal, on the same evidence, the court held that the question of whether plaintiff assumed the risk by reason of his knowledge of the existence of the uncovered saw was for the jury. Right or wrong, that decision is binding in this case on this appeal.

BARDEEN, J., took no part.