Williams vs. The J. G. Wagner Co.

---

Williams, Appellant, vs. The J. G. Wagner Company, Respondent.

*April 30 — May 21, 1901.*

*Master and servant: Personal injuries: Exposed machinery: Assumption of risk.*

1. Plaintiff, thirty-six years of age, a competent machinist of fifteen years' experience, was injured by reason of the exposed condition of certain gears on a machine which he had operated for eight months. He testified that he knew the machine and its several parts thoroughly, and that the revolving gears were in plain view at all times. *Held,* that he assumed the risks resulting from the uncovered gears. *Nadau v. White River L. Co.* 76 Wis. 120, and *Darcey v. Farmers' L. Co.* 87 Wis. 245; *S. C.* 98 Wis. 573, distinguished.

[2. Whether, under sec. 1636j, Stats. 1898, defendant was negligent in not covering the gearing, not decided.]

APPEAL from a judgment of the superior court of Milwau-
kee county: J. C. LUDWIG, Judge.  *Affirmed.*

This is an action to recover for personal injuries.  The
evidence shows that the defendant is a corporation manu-
facturing bridges and structural iron work at Milwaukee;
that in April, 1897, the plaintiff, who was then a man nearly
thirty-six years of age, commenced to work for the defend-
ant in its shop at Milwaukee, and continued so to work until
January 31, 1898, when the accident happened of which he
complains; that for five or six weeks he worked as helper
about the shop, and was then put in charge of a Bryant
metal-sawing machine which he operated up to the time of
the accident; that this machine was a machine used to cut
iron and steel beams according to marks previously made
upon them; that it was driven by an electric motor which
was placed in a covered box at one end of the machine; that
the machine itself was about ten feet in length, exclusive
of the motor box, two and one-half feet in width, and two
feet in height from the floor on which it rested; that the
motor box was twenty-three inches high, two feet wide, and
twenty-eight inches long, and that between the machine and
the motor box there were four geared cogwheels, running
in mesh, which served to reduce the speed of the machine
and give it strength, the wheels being in two pairs, each
consisting of a large and a small wheel; that the distance
between the cogwheel nearest the electric motor at its low-
est point and the bed of the machine is about three inches;
that the wheels all revolved vertically, and turned from the
inside upward, and were not covered in any way; that the
machine itself rested on a bed of planks about twelve feet
long, forming a sort of platform, which was above the floor
of the shop about four or five inches, under the body of the
machine, and about two inches under the motor box and
the gears, which platform extended out upon the east side
of the machine far enough to make a passageway over which

the plaintiff and many of the defendant's other employees· passed many times daily; that the plaintiff's duties upon this machine were to cut steel beams according to marks previously made, said beams being placed on a movable table at the south end of the machine in front of the saw, also to keep the machine clean and in order, and oil the same, and to turn the electric power on or off from the motor as required; that on the day of the accident the plaintiff was cutting a channel sixteen or seventeen inches in width, which had been placed in position on the movable table and clamped down; that he turned on the power, and, standing on the west side of the machine, watched the cutting for about fifteen minutes, and then turned and walked around the north end of the machine, where the motor box was, and to the east side of the machine, where, standing upon the platform, he watched its operation for about five minutes; that he then turned back, and noticing a spot upon the motor box, he stopped to wipe it off with some waste which he had in his hand, when, as he testifies, the motor box moved slightly, and "I must have slipped on that corner ·here, and I fell right over" (apparently meaning the corner of the plank platform under the machine); that he fell lengthwise along the east side of the machine, and that in some way his right arm was drawn into the gear of the wheel nearest the motor box, probably by the sleeve of his sweater catching on the cog, and his right hand was thus drawn into the gears and practically cut off. The plaintiff testified that he had never been cautioned as to the danger about those gears. There was also evidence to the effect that gearing of this kind could be covered without impairing its usefulness, and that such gearing upon similar machines was covered in some other establishments in Milwaukee. It appeared by the plaintiff's own evidence that he learned the blacksmith trade in Germany; that when he was twenty years of age he came to this country, and worked

in various mines, yards, and shops, doing all sorts of help-ing, blacksmithing, and common labor; that he worked in railroad shops at Chicago, Bloomington, and Milwaukee, also at a number of private machine shops in Milwaukee, in all of which machinery was employed; that when he went to work for the defendant he told the foreman that he was handy in a blacksmith shop or in a machine shop, and that the foreman put him at work helping, fitting bridges to-gether, etc., for five or six weeks, when the foreman took him to this machine, and showed him how to operate it, and from that time until he was injured he worked on this ma-chine about half of the time, and the rest of the time when the machine was not running, at helping around the shop; that he saw the gears in question as many as fifty or sixty times a day; and that the machine was not changed any from what it was when he first went to work. At the close of the plaintiff's evidence a verdict for the defendant was di-rected, and the plaintiff appeals from judgment thereon.

For the appellant there was a brief by *O'Connor, Ham-mel & Schmitz,* and oral argument by *A. J. Schmitz.*

For the respondent there was a brief by *Van Dyke & Van Dyke & Carter,* and oral argument by *W. E. Carter.*

WINSLOW, J. It may be conceded, for the purposes of this case, that the defendant was negligent in not covering the gearing in which the plaintiff's hand was crushed (Stats. 1898, § 1636*j*), although this point admits of grave doubt and is not decided. Even if such a concession be made, however, it must be held, on the undisputed facts, that the plaintiff assumed the risks, whatever they were, resulting from the uncovered gears. He was a man of more than thirty-six years of age, who since his boyhood had worked in and about shops full of machinery. In his own words, he was "handy in a machine shop and all around." He had operated this very machine for at least eight months, and

knew every part of it thoroughly. The revolving gears were before his eyes almost constantly, and it would be idle to say that he did not know and appreciate the dangers which lurked about them as well as anybody could know them. If there was danger of falling into them or under them, or of catching his clothing in them, none could know it better than he. He was not a thoughtless and immature boy, but a man possessed of all his faculties, and with at least fifteen years of experience in and about machine shops. To say that he could not know or appreciate the dangers, and that his employers could appreciate them, is little less than absurd. The cases of *Nadau v. White River L. Co.* 76 Wis. 120; and *Darcey v. Farmers' L. Co.* 87 Wis. 245; *S. C.* 98 Wis. 573, are confidently relied upon to justify the submission of the present case to the jury. Examination of those cases, however, shows that they are materially different from the present case. In both of those cases the dangerous appliances which inflicted the injuries were not connected with the machines about which the plaintiffs were working, and were wholly or partially concealed from view while the plaintiffs were engaged in their ordinary duties. Whatever may be said as to the principles upon which those cases were decided, they do not go far enough to justify a recovery in the present case, where the injury resulted from an appliance which was a part of the machine where the plaintiff had worked for months, and which was in plain view at all times.

*By the Court.*— Judgment affirmed.