QUIN, Appellant, vs. HAVENOR and another, Respondents.

*April 22—May 8, 1903.*

*Injunction: Corporations: Issue of stock: Pleading: Sufficiency of allegations.*

1. A temporary injunction, restraining the officers of a corporation from selling and issuing shares of stock to a third person, will not be granted on the application of a stockholder claiming to be entitled to additional shares, where there is ample unissued stock out of which the shares claimed by plaintiff, as well as those proposed to be sold, may be issued.
2. A complaint alleging "that the plaintiff has good reason to fear and does fear" the directors of a corporation will sell or incumber its assets, without any averment that they have threatened or do threaten to do so, does not warrant a temporary injunction to prevent such acts.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an appeal from an order dissolving a temporary injunctional order. The plaintiff's complaint (which was alleged to have been filed on behalf of himself and all other stockholders similarly situated) showed, in substance, that the plaintiff and the defendant *Havenor,* in January, 1901, organized a domestic corporation for the purpose of engaging in the business of playing professional baseball at Milwaukee as a member of the American Association of Baseball Clubs, which corporation had an authorized capital of $30,000, divided into thirty shares of $1,000 each; that the plaintiff subscribed and paid for seven and one half shares of such capital stock, and that defendant *Havenor* subscribed for six and one half shares, and *Bauman* for one share, and that *Havenor* paid for his own stock, and also for the share subscribed by *Bauman;* that all of the parties became directors of the corporation, and that the plaintiff was elected president thereof, and the defendant *Havenor* was elected secretary and treasurer; that at a meeting of the stockholders held January 22, 1902, a resolution was passed authorizing and directing the issuance of the remaining fifteen shares of stock in said corporation, one half thereof to the plaintiff and one half thereof to the defendant *Havenor,* in consideration of the assignment by them to the corporation of a membership in the American Association aforesaid, which entitled its owners to play baseball at the city of Milwaukee in competition with the other members of said association; that the last meeting of the directors of said association was held January 31, 1902, and was adjourned subject to the call of the president; that no other meeting of said directors has been called by the president, but that the defendants *Havenor* and *Bauman* held a pretended meeting of said directors September 19, 1902, and pretended to pass a fraudulent resolu-

tion directing the sale of $2,000 worth of the capital stock of said corporation to a third person, and also offering all of the remaining stock of said corporation for sale, when in fact the whole amount of the stock of said corporation had been subscribed and sold; that said directors' meeting was fraudulent and void because not properly called, and that the said resolution offering stock for sale was also void, and made for the purpose of defeating the plaintiff's legal rights; that the assets of said corporation consist of a lease for ten years of a ball park in the city of Milwaukee, and the said American Association franchise, and that the plaintiff has good reason to fear and does fear that the defendant will sell said lease and franchise to innocent third persons, unless enjoined therefrom; that the defendants fraudulently refuse to issue to the plaintiff the seven and one half shares of stock so belonging to him in payment of his share in said franchise, and that they threaten to sell the same to innocent third persons, in fraud of the plaintiff's rights. To this complaint there was attached as an exhibit a copy of the alleged fraudulent resolution offering stock for sale, by which it appears that said resolution simply authorized the sale of $2,000 worth of stock in addition to the $15,000 worth first sold, and no more. Upon this complaint a temporary injunctional order was obtained restraining the defendants from selling and issuing any additional stock, and from selling or incumbering its lease or franchise. The defendants answered fully on the merits, denying all allegations of fraud, and also denying that any resolution was ever adopted authorizing the issuance of stock in payment for the said franchise, and alleging that the directors' meeting of September 19, 1902, was duly called and held, and that the resolution attached to the complaint was legally adopted at their meeting. The answer contains other allegations not necessary to be inserted. Upon this answer and upon supporting affidavits, as well as upon the

examination of the plaintiff, taken under sec. 4096, Stats. 1898, the defendants moved to dissolve the temporary injunctional order, and said motion was granted.

For the appellant there was a brief by *Bohmrich & Maher,* and oral argument by *J. J. Maher.*

For the respondents there was a brief by *Turner, Pease & Turner,* and oral argument by *W. J. Turner.*

WINSLOW, J. It is a little difficult to understand how this action can be brought on behalf of "other stockholders similarly situated" when it appears on the face of the complaint that there are only three stockholders of the corporation, one of whom is the plaintiff, and the remaining two are defendants in the action, but, as this question does not necessarily arise upon this appeal, we will spend no time in endeavoring to solve it. It is sufficient to say that, treating the action simply as an action brought to vindicate the rights of the plaintiff individually, the complaint itself shows that no temporary injunctional order is necessary. It appears from the complaint that only fifteen out of thirty of the authorized shares of the stock have been issued, and that the only action taken by the directors was a resolution to offer for sale two more shares of stock, which would still leave thirteen shares of stock unissued. The plaintiff claims to be entitled to receive seven and one half shares in addition to his present holding. If he is successful in his claim, there will be ample stock out of which this amount may be issued, even if the two shares proposed to be sold by the directors be issued and sold. So the issuance and sale of the two shares will not prejudice his rights. As there are no allegations in the complaint showing that the defendants have threatened or do threaten to sell or incumber the lease or the franchise, there are no grounds for granting an injunctional order to prevent these acts.

*By the Court.*—Order affirmed.