Pautz, Appellant, vs. Plankinton Packing Company, Respondent.

*October 5—October 24, 1905.*

*Decision on former appeal binding: Personal injuries: Proximate cause: Assumption of risk.*

In an action for personal injuries sustained by an employee, the decision upon a former appeal as to proximate cause and assumption of the risk is *held* binding, the evidence upon those questions being substantially the same as upon the former trial.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to recover for personal injuries. Plaintiff was injured while in the employ of the defendant in its packing house in the city of Milwaukee, in what is known as the beef department, and while engaged in slaughtering beef. The negligence charged is defect in a large iron wheel and also defect in a wooden wheel used in connection with the iron wheel in hoisting beef, in which business plaintiff was engaged. The case was three times tried at circuit upon the same complaint. On the first trial the jury found as part of the special verdict that the iron wheel was defective, or out of repair, immediately before the injury, and that the defendant knew, or ought to have known, of it, and that such defect was the proximate cause of the injury; and also found that the wooden friction wheel was defective, or out of repair, and that the defendant knew, or ought to have known, of such defect, and that such defect in said wheel was the proximate cause of the plaintiff's injury; and found that the plaintiff sustained damage in the sum of $2,000. Judgment was rendered for plaintiff on the verdict, from which an appeal was taken to this court and judgment reversed. 118 Wis. 47, 94 N. W. 654.

The case was again tried in the court below, and the jury found a special verdict to the effect that the defect in the wooden wheel was not the proximate cause of the plaintiff's injury, but that the crack in the iron wheel was the proximate cause of the plaintiff's injury; that the defendant knew, or ought to have known, of such defect, and that the plaintiff did not know of such defect; that the plaintiff was not guilty of contributory negligence, and had sustained damage in the sum of $2,000. Plaintiff moved for judgment on this verdict, and defendant moved for a new trial. Plaintiff's motion was denied and defendant's granted, and a new trial ordered accordingly, and afterwards and in December, 1904, a third trial was had, which resulted in a verdict being directed for defendant and judgment entered thereon, from which this

appeal was taken.  Appellant seeks to review the orders granting the new trial and denying plaintiff's motion for judgment on second trial, as well as the orders directing verdict and denying motion for new trial at the conclusion of the third trial.

*Edgar L. Wood,* for the appellant.

For the respondent there was a brief by *Hoyt, Doe, Umbreit & Olwell,* and oral argument by *Joseph B. Doe.*

KERWIN, J.  The complaint, which was the same on each trial, contained the following allegations:

"That said wooden wheel on said last-named date, and for a long time prior thereto, was also defective in that a large piece thereof was broken therefrom, and in that the outer surface of the circumference was uneven and worn so that in its operation, and especially when in contact with said iron wheel aforesaid producing the friction necessary for the operation of said apparatus, it operated in an uneven and jarring manner, and that such defects in said wooden and iron wheels when such wheels were in operation caused an unusual, unnecessary, and excessive strain upon said iron wheel. . . . That said iron wheel had been worn out by reason of long usage, as aforesaid, and that said iron wheel and said wooden wheel were defective, untrue, and out of repair in the respects heretofore mentioned, and that by reason of the fact that the said wooden wheel was broken and defective as above stated, and by reason of the wornout condition of said wheels, and the unusual and unnecessary and excessive strain upon such wheels by reason of the defective condition thereof as aforesaid, said iron wheel was caused to be broken as aforesaid, with the results aforesaid."

The decision of this court on the former appeal (118 Wis. 47, 94 N. W. 654) is decisive here.  This court, after quoting from the allegations of the complaint, above stated, said (118 Wis. 52, 94 N. W. 656):

"If such were the facts, then it was the defect in the wooden wheel which acted first, and set in motion the iron

wheel, and first caused the crack and then the break in that wheel."

And further on, after quoting from the plaintiff's evidence to the effect that plaintiff had knowledge of the defect in the wooden wheel for a month before the accident, the court said (118 Wis. 53, 94 N. W. 656):

"If the defect in the wooden wheel was the proximate cause of his injury, and he knew of such defect for a month prior thereto, then he necessarily assumed the risk, and was guilty of contributory negligence."

Assuming that the evidence on the last trial on the question of proximate cause and assumption of risk was substantially the same as that upon the first trial, under this ruling the defect in the wooden wheel was the proximate cause of the injury, and plaintiff assumed the risk. After a careful examination of the testimony we are convinced that the evidence upon the last trial on the question of proximate cause and assumption of risk was substantially the same as the testimony on the first trial. Therefore the questions of proximate cause and assumption of risk involved on the last trial were presented on the former appeal, and the decision upon these questions on the former appeal must be held binding upon this court, as well as upon the trial court, and "whether the decision was rightly or erroneously pronounced is no longer debatable." *Bostwick v. Mutual L. Ins. Co.* 122 Wis. 323, 99 N. W. 1042; *Zimmer v. Fox River Valley E. R. Co.* 123 Wis. 643, 101 N. W. 1099; *Collins v. Janesville,* 111 Wis. 348, 87 N. W. 241, 1087; *Darcey v. Farmers' L. Co.* 98 Wis. 573, 74 N. W. 337; *Klatt v. N. C. Foster L. Co.* 97 Wis. 641, 73 N. W. 563.

*By the Court.*—The judgment of the court below is affirmed.