WEIDNER, Respondent, vs. STANDARD LIFE AND ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, Appellant.

*September 5—September 24, 1907.*

(1) *Appeal: Law of the case.* (2) *Evidence: Excusing failure to produce witnesses.* (3) *Accident insurance: Injury from assault for purpose of robbery: Instructions to jury.*

1. The decision of the supreme court upon questions of law properly before them on a former appeal is the law of the case when such questions again arise therein.
2. The question being whether an assault was committed for the sole purpose of robbery, the admission of evidence tending to excuse failure to produce as witnesses certain persons who were present at the time of the assault and were in a position to know the facts respecting it, in order to rebut any presumption

which might arise on account of such failure, was not preju-
dicial error.

3. In an action upon an accident policy, where the question at issue
was whether an assault upon the assured was, within the terms
of the policy, "committed for the sole purpose of robbery," in-
structions to the effect that the word "robbery" was to be under-
stood in its ordinary meaning and that to constitute that of-
fense the assault need not precede the taking of property, but,
if made immediately after such taking, for the purpose of re-
taining possession of the property or of carrying it away from
the presence of the owner or of escaping from him, it would be
concomitant with the taking and constitute robbery, were not
erroneous.

4. A requested instruction in such case, that if one T. assaulted W.,
the assured, because W. struck him with a whip the jury should
find that the assault was not committed for the sole purpose of
robbery, was properly refused, since even under those circum-
stances the sole purpose of the assault might have been to en-
able T. to escape with the property of W. which he was taking.

APPEAL from a judgment of the circuit court for Milwau-
kee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This is an action by a beneficiary on an accident insur-
ance policy. The case was here on former appeal (*Weidner
v. Standard L. & A. Ins. Co.* 130 Wis. 10, 110 N. W. 246),
where a full statement of the facts will be found. On the
former appeal the judgment below was reversed and the
cause remanded for a new trial. On the second trial the
only question submitted to the jury was the following: "Was
the assault committed by Tinger upon Weidner committed
for the sole purpose of robbery?" The jury answered this
question in the affirmative, and judgment was entered upon
the verdict in favor of the plaintiff and against the appellant
for $2,700 and costs.

For the appellant there was a brief by *Roemer & Aarons,*
attorneys, and *C. H. Van Alstine,* counsel, and oral argu-
ment by *Mr. Van Alstine.*

*H. L. Kellogg,* attorney, and *Joseph B. Doe,* of counsel,
for the respondent.

KERWIN, J.   Some questions are raised by the appellant which were considered and determined by the court on former appeal, and such determination, under the established doctrine of this court, is the law of the case.  *Shaft v. Carey,* 115 Wis. 155, 90 N. W. 427; *Euting v. C. & N. W. R. Co.* 120 Wis. 651, 98 N. W. 944; *Bostwick v. Mut. L. Ins. Co.* 122 Wis. 323, 99 N. W. 1042; *Pautz v. Plankinton P. Co.* 126 Wis. 37, 105 N. W. 482.  The only questions for determination upon this appeal are whether the case was properly submitted to the jury upon the issue involved, namely, whether the assault was committed for the sole purpose of robbery, and whether the evidence was sufficient to support the verdict.

1. Evidence was admitted on the trial, under objection and exception, that certain witnesses who were present at the time of the assault and who were in position to know the facts were sick and unable to attend the trial.  The admission of this evidence is assigned as error, on the ground that no prejudicial presumption or inference arose from the failure to call as a witness one whom the other party had the same opportunity of calling.  We do not think the admission of this evidence was prejudicial error.  Comment to the jury on failure by the adverse party to call a witness is permissible.  *State v. Jones,* 77 N. C. 520; *Gray v. Burk,* 19 Tex. 228.  These witnesses being present at the time of the assault and in a position to know the facts respecting it, the admission of evidence tending to excuse failure to produce them as witnesses in order to rebut any presumption which might arise on account of their absence was not prejudicial error.  1 Jones, Ev. § 17.

2. Error is assigned in the charge of the court and also in the refusal of the court to give the following instructions requested by the appellant:

"(1) If you believe from the evidence that the violence following after the taking of the boots arose because the owner

attempted to get possession of the boots, you will answer the second question 'No.' (2) If you believe from the evidence that Tinger assaulted Weidner because Weidner struck him with the whip, you will answer the second question 'No.' "

The court charged the jury as follows:

"In determining whether the assault committed by Tinger which resulted in the death of Gustav A. Weidner was for the sole purpose of robbery within the meaning of the policy, you are to understand the word 'robbery' in its ordinary meaning. To constitute such an offense it is not necessary in every case that the taking and obtaining possession of the property must be accomplished through violence or fear which must precede the act of taking, but it is sufficient if such violence or fear be concomitant with the act of taking; that is to say, if the force is exerted contemporaneously with the taking and is in substance and effect part of the same transaction, as when one without threats or putting in fear takes from the possession of another anything of value, and immediately thereafter, for the purpose of retaining possession of the property or carrying it away from the presence of the owner or making his escape, violently strikes the other, such violence is concomitant with the taking and constitutes robbery. In the light of this instruction, gentlemen, you will determine this question from all the evidence, facts, and circumstances in the case."

We cannot say that the instructions given were erroneous. They appear to be quite in harmony with the law of this case on the subject as laid down in the opinion of the court on former appeal. 130 Wis. 10, 110 N. W. 246. It is true the attention of the jury might have been called more sharply to the vital question in the case respecting whether or not the assault was committed for the sole purpose of robbery; but we think no prejudicial error was committed in the instructions given. *Weidner v. Standard L. & A. Ins. Co.* 130 Wis. 10, 110 N. W. 246. The first request was improper, because in substantial conflict with the opinion of this court on former appeal. The second request, we think, was too

narrow, in that it unduly restricted the functions of the jury in the inferences which they might draw from the whole evidence, and was liable to mislead them. Tinger might well have assaulted Weidner because Weidner had struck him with the whip, and yet Tinger's sole purpose in the assault might have been, not revenge or self-defense, but simply that he might successfully escape with the boots.

*By the Court.*—The judgment of the court below is affirmed.