## HAIT vs. HOULE.

A mortgage of land belonging to the husband, executed but not acknowledged by a married woman, is inoperative as against her.

Where such a mortgage, executed by the husband and wife, but not acknowledged by the wife, covers the homestead with other lands, it cannot (under our statutes) be enforced as to the homestead against either of the mortgagors, but will be a lien upon the husband's interest in the other lands.

APPEAL from the County Court of *Brown* County.

This action was brought against George Houle and *Mary*, his wife, to foreclose a mortgage alleged to have been executed, acknowledged and delivered by them on the 12th of January, 1859, to one Berner, to secure a note for $232 of same

date. The mortgaged premises were a farm of fifty-six acres; and the mortgage was recorded January 26th, 1859. The answer of *Mary Houle* denies, *inter alia*, that she ever executed, acknowledged or delivered the mortgage. In the special allegations of the answer it is admitted that she signed a written instrument presented to her for that purpose some time after said 12th of January, but it is averred that she did so without any knowledge of the character of the instrument, and without any suspicion that it was a mortgage, not being able to read or speak English. The certificate of acknowledgment was signed by one Last as a notary, on the 12th of January. The condition of said certificate when the instrument was produced in court, the testimony of Last in relation thereto, and upon the question whether *Mrs. Houle* ever acknowledged the instrument before him, and the other testimony bearing on that subject, are sufficiently stated in the opinion.

The court found the facts for the plaintiff, and rendered judgment of foreclosure against both defendants, and for the sale of the whole of the mortgaged premises; and *Mary Houle* appealed.

*E. H. Ellis*, for appellant.

*W. H. Norris, Jr.*, for respondent. [No printed briefs.]

*By the Court*, DIXON, C. J. It is clear that *Mrs. Houle* did not acknowledge the execution of the mortgage at the time Last, the notary, took the acknowledgement of her husband. Mr. Houle executed and acknowledged it on the 12th day of January, and it is not pretended that *Mrs. Houle* executed it until the 26th. She could not well have acknowledged it before executing it, nor is it claimed that she did. We think it extremely doubtful whether she ever acknowledged it at all. In fact there is no sufficient evidence that she did. The certificate of acknowledgment is dated January 12th. It was drawn and signed by Last on that day as the acknowledgment of Mr. Houle alone. It was afterwards altered without

his knowledge or consent. The words "and *Mary Houle*, his wife" were inserted in the hand writing of a stranger. The letter *s* was added to the word "person," and *his* before the words "free act and deed" was changed to *their*, also in a strange hand. *Mrs. Houle*, according to the claim of the plaintiff, executed the mortgage at her house distant some seven miles from the residence of the notary. She executed it on the 26th of January, and it was recorded in the office of the register of deeds on the same day. The witness Cooley thinks that Mr. Houle was to bring her before the notary the same day to acknowledge it. The statute requires the officer taking such acknowledgment to indorse upon the deed a certificate thereof, *and the true date of making the same*, under his hand. R. S., ch. 86, sec. 8. If *Mrs. Houle* appeared before the notary and acknowledged the execution of the mortgage on that day, his duty was to indorse a certificate of her acknowledgment as of that date. It is a presumption that officers do their duty in such cases, and that if *Mrs. Houle* had appeared and acknowledged, the certificate of the notary would so show the facts. *Mrs. Houle* testifies positively that she never did appear before Mr. Last, and that she never acknowledged the execution of the mortgage. And it is impossible to say upon the testimony of Mr. Last, even though we were inclined to take his statement in opposition to hers, that she ever did. He declares his utter ignorance of the alterations in the certificate. He does not know when, why or where they were made, nor by whom. He has an indistinct recollection of a woman, represented to be *Mrs. Houle*, being in his office, and thinks he took her acknowledgment. He thinks so because it appears so by the altered certificate. This and the fact that a woman was in his office are his only reasons for *thinking* that she acknowledged the mortgage. On the other hand he testifies: "I am sure I could not say from recollection now whether the woman acknowledged the paper before me or not." He makes other statements to the

same effect; and his testimony, as a whole, is so vague and unsatisfactory that no conclusion can rationally be drawn from it as to *Mrs. Houle's* acknowledgment. Were we obliged to decide upon his testimony alone, our conclusion would rather be that he never took her acknowledgment. The certificate, being thoroughly impeached, goes for nothing. Last does not prove the acknowledgment, and she positively denies it.

All this is upon the supposition that if it had been clearly proved that *Mrs. Houle* made acknowledgment on the 26th, the certificate of the 12th, a wrong date, would have been good. That question is not decided. See *Elwood v. Klock*, 13 Barb., 50.

The mortgage, not having been acknowledged by *Mrs. Houle*, is inoperative against her. A deed defectively executed or not acknowledged may be enforced as against the husband or other person not under disability, as an agreement to convey. But as against a married woman, a deed not acknowledged by her, or otherwise defective, will not be enforced even in equity. *Martin v. Dwelly*, 6 Wend., 9; *Carr v. Williams*, 10 Ohio, 305. As to *Mrs. Houle*, therefore, the mortgage is wholly inoperative. It does not convey her interest in any of the land. And as it is declared by statute that a mortgage of the homestead shall not be valid without the signature of the wife, it seems to follow, as to the forty acres comprising the homestead, that the mortgage cannot be enforced against either of the mortgagors. It is good only to convey Mr. Houle's interest in the sixteen acres not comprised in the homestead.

The judgment of the circuit court must therefore be reversed, and the cause remanded with directions that it be dismissed as to *Mrs. Houle*, the appellant, and that the plaintiff have judgment against Mr. Houle for the sale of that portion of the premises not by law exempt from forced sale on execution.