ZIMMER, Appellant, vs. FOX RIVER VALLEY ELECTRIC RAIL-
WAY COMPANY, Respondent.

*December 17, 1904—January 10, 1905.*

*Street railways: Injuries to passengers: Negligence: Second trial:
Law of the case: Evidence: Experiments.*

1. Where on a second trial after reversal on appeal, the evidence produced on the issue of defendant's negligence was substantially the same as on the first trial, except that defendant produced more evidence tending to refute its negligence, such evidence not being of the class, such as some indisputable physical fact, which of itself rendered the evidence tending to show negligence necessarily incredible, the question upon the issue of actionable negligence is foreclosed by the former decision.
2. Testimony of experiments is competent if the conditions be sufficiently similar, so that the facts attending the experiment will fairly illustrate the point in issue.
3. When evidence of experiments is offered, it devolves upon the court, before receiving it, to determine, upon a proper showing, whether the conditions existing on the two occasions are *prima facie* essentially the same.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This case was before this court on a former appeal, which is reported in 118 Wis. 614, 95 N. W. 957. The action is brought to recover damages for a personal injury which

plaintiff claims to have sustained through defendant's negligence. It appears that plaintiff at the time in question was riding on one of defendant's street cars in the city of Menasha, and that he fell off the car while it was passing around a curve in the tracks, receiving some injuries. At the conclusion of the testimony, defendant requested the court to direct a verdict in its favor upon the ground that no actionable negligence had been shown against the defendant, and upon the ground that plaintiff had been guilty of negligence contributing to produce the injury complained of. The court directed such a verdict, and awarded judgment of dismissal. This ruling is alleged as error, and this is an appeal from the judgment dismissing the cause.

For the appellant there was a brief by *Eaton & Eaton,* and oral argument by *L. H. Eaton.*

*J. C. Kerwin,* for the respondent.

SIEBECKER, J.   The direction of a verdict in defendant's favor is assigned as error upon the ground that the evidence tending to show actionable negligence by defendant was fully as strong upon this trial as upon the former. On the former, the trial court refused defendant's request to take the case from the jury for want of any evidence tending to show the negligence charged, which ruling, upon an appeal to this court, was affirmed. Defendant then insisted that there was not sufficient evidence to sustain a finding of negligence, and that plaintiff was guilty of contributory negligence. This court, in reviewing the evidence, found:

Plaintiff had testified "to the effect that when he got onto the car it was full; that he at first stood on the lower step and then on the upper step or platform, and held himself to the iron railing—the brass railing   .   .   .   on the back end, at the window, close to the door; that the car was overcrowded; that, when the conductor came around and collected fare, he put his hand in his side pocket and took out the money to pay his fare; that when he got at the curve the twist and fast driving around the curve threw him off and injured him.

. . . Other witnesses testified . , . . to the effect that the plaintiff fell off the rear platform, head first, just as the car got past the curve, and the car was running perhaps five miles an hour, and as it came to this curve it gave a twist and threw him off; . . . that the car was overloaded; . . . that the car went onto the curve just as it came down the main track; that the curve was sharp, and the car naturally gave a twist. Another witness testified . . . that as the car struck the curve it gave a very sudden lurch, and turned very sharply; the back end of the car came in view very suddenly; that the car came about the usual speed for it on Main street; that he did not notice any slackage at all; that it seemed to run unusually quick."

After other testimony of like import had been adverted to, the court observed:

"Viewing such testimony in the most favorable light it will legitimately bear, we are unable to say, as a matter of law, that the finding of the jury that the injury to the plaintiff was caused by the negligence of the defendant is not sustained by the evidence."

An examination of plaintiff's evidence now before us confirms appellant's contention that the evidence adduced upon this trial is substantially the same upon this question, and tends fully as strongly to show negligence as that at the former trial. It is true, defendant has produced more evidence tending to refute it; but in its effect it cannot be said to render the affirmative evidence of negligence incredible, for it is not of the class of evidence, such as some indisputable physical fact, which of itself renders the evidence tending to show negligence necessarily incredible. The additional evidence served but to emphasize the conflicting statements of witnesses, which should be resolved by the jury in passing upon the issues, and in determining the credibility of the witnesses and the weight of the evidence. Under this state of the evidence, the question whether the case should have been submitted to the jury upon the issue of actionable negligence was foreclosed by the former decision, and the ruling for a direction of the verdict was error. *Klatt v. N. C. Foster L. Co.*

97 Wis. 641, 73 N. W. 563; *Darcey v. Farmers' L. Co.* 98 Wis. 573, 74 N. W. 337; *Collins v. Janesville,* 111 Wis. 348, 87 N. W. 241, 1087.

It is argued that plaintiff, under the undisputed facts, must be held to have assumed the risk incident to his undertaking to ride on the car as he did. It seems the considerations submitted on this point go to the question of plaintiff's negligence, as contributing to produce the injury. This question was also presented on the same state of the evidence on the former trial and appeal, and the court held that the question was one properly requiring submission to the jury.

An exception to the reception of evidence of an experiment made by defendant is urged upon our attention. It appears that defendant's employees made a test by passing over the track with the same car, with persons riding on the rear platform, running the car at the same speed it had attained before reaching the curve; but only seven persons were riding in the car and on the platform, instead of a car filled with passengers, with all the available platform space occupied, as claimed on the occasion of the accident. Testimony of experiments has been held competent if made under essentially the same conditions as attended the subject of inquiry. These conditions must be sufficiently similar, so that the facts attending the experiment will fairly illustrate the point in issue. When such evidence is offered, it devolves upon the court, before receiving it, to determine, upon a proper showing, whether the conditions existing on the two occasions are *prima facie* essentially the same. *Emery v. State,* 101 Wis. 627, 78 N. W. 145; 1 Greenleaf, Ev. 83 (16th ed.); Jones, Ev. § 413; *Burg v. C., R. I. & P. R. Co.* 90 Iowa, 106, 57 N. W. 680.

*By the Court.*—Judgment reversed, and the cause is remanded for a new trial.

KERWIN, J., took no part.