HABENICHT, Respondent, vs. CHICAGO, ST. PAUL, MINNE-APOLIS & OMAHA RAILWAY COMPANY, Appellant.

*December 16, 1907—January 8, 1908.*

*Appeal and error: Successive appeals: Law of the case.*

Where on a former appeal the supreme court has held certain questions were for the jury, and the evidence on the second trial is substantially the same as that upon the former trial, no error is committed in sustaining the jury's findings on such questions and in refusing to hold that the evidence is insufficient to support such findings, since the determination on the former appeal is binding on the second.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

This action was brought to recover for the value of a horse alleged to have been killed by going upon defendant's road where the same runs through the N. W. ¼ of section 20, town 47, range 12, in Douglas county, Wisconsin, on account of failure to fence as required by sec. 1810, Stats. (1898). The defense was that the place where the horse entered was depot grounds, and therefore defendant was

not required to fence under the provisions of the statute. The jury returned the following verdict:

"(1) Was the place where the plaintiff's horse entered upon the defendant's property within the limits of defendant's depot grounds at Hines? *A.* It was not. (2) Was plaintiff guilty of any want of ordinary care that contributed to produce the injury to his horse? *A.* He was not. (3) If the court is of the opinion that the plaintiff is entitled to recover, then in what amount do you assess his damage? *A.* $125."

Motions for judgment notwithstanding the verdict, to correct the verdict, and for a new trial were denied, and judgment rendered for the plaintiff upon the verdict, from which this appeal was taken.

*Solon L. Perrin,* for the appellant.

The cause was submitted for the respondent on the brief of *James R. Hile* and *H. W. Deitrich.*

KERWIN, J. The main contention here is that the evidence is not sufficient to support the finding of the jury on the first question of the special verdict to the effect that the place where the plaintiff's horse entered upon the defendant's property was not within the limits of the defendant's depot grounds. The case was here on former appeal (*Habenicht v. C., St. P., M. & O. R. Co.* 126 Wis. 521, 105 N. W. 910), where this court held that the question of whether the place where plaintiff's horse entered upon the track was depot grounds was a question for the jury. The evidence upon the second trial, now before us, being substantially the same as that upon the former trial, under the repeated decisions of this court the determination upon the former appeal must be regarded binding here. *Zimmer v. Fox River V. E. R. Co.* 123 Wis. 643, 101 N. W. 1099; *Klall v. N. C. Foster L. Co.* 97 Wis. 641, 73 N. W. 563; *Darcey v. Farmers' L. Co.* 98 Wis. 573, 74 N. W. 337. The exceptions to the charge are based principally upon the ground that the evi-

dence was not sufficient to support the finding of the jury on the first question of the special verdict and that the court should have so told the jury, but that question having been settled on former appeal no error was committed.

We find no reversible error in the record; therefore the judgment must be affirmed.

*By the Court.*—Judgment affirmed.