Lawrence University v. Outagamie County, 150 Wis. 244.

alleged fraudulent representations was received, but the court held that the testimony showed without dispute that the plaintiff was the owner in due course for value, and on this ground directed the verdict.

The ruling of the trial court was manifestly right. The note was bought over the counter of the bank in regular business hours at the ordinary rate of discount, and there was nothing in its appearance to indicate that it was anything more or less than an ordinary negotiable note given by a business man in the ordinary course of his business. The fact that the bank notified the maker that the note was at the bank "for collection" cuts no figure. We suppose that such notices are sent out by all banks whether they own the particular note in question or not. They are not inconsistent with ownership by the bank. There might perhaps be special circumstances surrounding a given case where such a notice or statement might acquire the significance of an admission that the bank was not the owner, but there are no such facts here.

*By the Court.*—Judgment affirmed.

BOARD OF TRUSTEES OF LAWRENCE UNIVERSITY, Appellant, vs. OUTAGAMIE COUNTY, Respondent.

*May 16—June 4, 1912.*

*Constitutional law: Statutes: Taxation: Powers of legislature: Uniformity in rule: Exemptions: Classification: Practical construction.*

1. A law ought not to be declared unconstitutional unless its repugnance to the constitution is clear and beyond reasonable doubt, and the court should point out the particular part of the constitution which is violated.

2. Unless restrained by constitutional provisions, the state legislature has full power to exempt any person or corporation or

class of property from taxation according to its views of public policy or expediency.

3. Under sec. 1, art. VIII, Const., providing "that the rule of taxation shall be uniform," statutory exemption from taxation must be based upon a legal classification.

4. The rule of uniformity does not relate alone to the rate or percentage of taxation; and it may be as effectively abrogated by arbitrary exemption from taxation as by arbitrary impositions of unequal amount.

5. The rule of uniformity is violated by a statute giving an arbitrary exemption greater than is given to other persons of the same class owning property of the same general description.

6. The legislature having, by sec. 1038, Stats., created a class consisting of chartered colleges or universities and prescribed exemptions for that class, a subsequent statute (Laws of 1901, ch. 116) giving to one member of that class by name an additional exemption based on no distinctive feature of the person receiving it or the property exempted, was invalid.

7. The rule of practical construction—that the uninterrupted practice of the government prevailing through a long series of years and the acquiescence of all its departments settle a constitutional interpretation in accordance with such long continued practice—has no application where there has been no such acquiescence on the part of the judicial department, nor where in the application of the constitutional provision in question there can be no doubt, ambiguity, or uncertainty.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The appeal is from a judgment dismissing the plaintiff's complaint with costs.

For the appellant the cause was submitted on the brief of *Nash & Nash.*

For the respondent there was a brief by *Francis J. Rooney* and *H. C. Sloan,* and oral argument by *Mr. Rooney.*

TIMLIN, J.   The plaintiff is an educational corporation created by the territorial legislature of Wisconsin in the year 1847. By ch. 116, Laws of 1901, the plaintiff's charter was amended in several respects, and by sec. 8 of this act its board

of trustees was authorized to "hold free of taxation any lands or other property acquired by donation, bequest, or purchase and held expressly for educational purposes, and for the endowment of the institution." At the time of the enactment of the statute last mentioned there existed and was in force in this state sec. 1038, Stats. (1898), which related to property exempt from taxation, and among other things provided the following:

"Personal property owned by any religious, scientific, literary or benevolent association, used exclusively for the purposes of such association, and the real property, if not leased or not otherwise used for pecuniary profit, necessary for the location and convenience of the buildings of such association and embracing the same, not exceeding ten acres; and the lands reserved for grounds of a chartered college or university, not exceeding forty acres."

An incorporated school is a scientific or a literary association within the meaning of this statute. *St. John's M. Academy v. Edwards,* 143 Wis. 551, 128 N. W. 113.

Notwithstanding the exemption provided by said ch. 116 and claiming that that part of the statute was unconstitutional, the taxing officers in 1908 assessed certain city real estate of the plaintiff for general taxes. The plaintiff paid these taxes under protest and brought this action in the regular way by appeal from the county board of supervisors to recover the sum so paid. The controlling question in the case is whether or not that part of the act of 1901 above quoted is valid and constitutional.

It is conceded that a law ought not to be declared unconstitutional unless its repugnance to the constitution is clear and beyond reasonable doubt, and the court should be able to point out the particular part of the constitution which is violated. It is further conceded that, unless restrained by constitutional provisions, the state legislature has full power to exempt any person or corporation or class of property from taxation according to its views of public policy or expediency.

Cooley, Const. Lim. (3d ed.) 127; *Wis. Cent. R. Co. v. Taylor Co.* 52 Wis. 37, 8 N. W. 833.

Sec. 1 of art. VIII of the state constitution reads: "The rule of taxation shall be uniform, and taxes shall be levied upon such property as the legislature shall prescribe." This section has been the subject of much litigation and much discussion in this court. In *Black v. State,* 113 Wis. 205, 89 N. W. 522, this court was confronted with a statute which imposed an inheritance tax upon estates of the value of $10,000 or upwards. Estates below this value were exempt. A fair summary of one of the points decided in that case may be found in the third paragraph of the syllabus, as follows:

"Under sec. 1, art. VIII, Const., providing that the rule of taxation shall be uniform; and under the equality in the protection of the laws guaranteed by sec. 1, art. I, Const., and the XIVth amendment to the federal constitution, a classification of persons or property liable to or exempt from taxation does not violate the required rule of uniformity and equality, provided such classification be founded on real differences, affording rational grounds of distinction, and the exemption be reasonable in amount."

The decision, it will be observed, does not put the invalidity of the statute solely or squarely upon its conflict with sec. 1, art. VIII, Const., but recognizes such conflict and finds the statute avoided by this and other constitutional provisions.

In *Battles v. Doll,* 113 Wis. 357, 89 N. W. 187, a statute exempting villages from certain taxes was before this court 'for construction, and the court said among other things:

"This exemption has a just and equitable basis to rest upon, and will be sustained, unless the class of cities and villages 'to which it is made to apply is such as cannot be justified under a proper construction of the constitution. From the very nature of things, any classification made must, to a greater or less extent, be arbitrary. The grounds upon which such classification must rest were stated in *Johnson v. Mil-*

*waukee,* 88 Wis. 383, 60 N. W. 270, and reaffirmed in *Boyd v. Milwaukee,* 92 Wis. 456, 66 N. W. 603, and *Adams v. Beloit,* 105 Wis. 363, 81 N. W. 869. We need not repeat what was said in those cases. The general doctrine is that the classification must be appropriate, and not artificial."

These and other observations in that opinion plainly indicate that this court was then of the opinion that classification was essential to the validity of exemptions under some circumstances.

In *State v. Whitcom,* 122 Wis. 110, 99 N. W. 468, it was decided that exemptions from the provisions of a law requiring peddlers to obtain a tax license must be based on some legitimate classification germane to the purpose of the law or else the law is invalid. This because it denied the equal protection of the laws. Whether it was invalid under sec. 1, art. VIII, was mooted but not decided. Legal classification was held to be a requisite, but the statute failed because of its conflict with other provisions of the constitution. It is said, however, that the question whether or not such unclassified and arbitrary exemptions conflicted with sec. 1 of art. VIII of the state constitution was one not yet authoritatively decided.

In *Chicago & N. W. R. Co. v. State,* 128 Wis. 553, 642, 643, 108 N. W. 557, the court said:

"Under our constitution, it must be remembered, there is the amplest power on the part of the legislature to exempt an entire class of property from taxation, and to make such class very narrow, even excluding from the benefits accorded to the members thereof those owning property of the same general class, so long as the character of that owned by those of the subclass is so far different from that owned by others, as, within the boundaries of reason at least, to suggest necessity or propriety, having regard to the public good and the constitutional object to be attained, and limitations in respect thereto, of substantially different legislative treatment. Few cases that can be found have gone further on that line than *Wis. Cent. R. Co. v. Taylor Co.* 52 Wis. 37, 8 N. W. 833.

There, as we have seen, a very small subclass of real estate, a class so small as to be confined to one owner, was deemed sufficiently different from realty generally to warrant the legislature in exempting it from taxation. It is not likely, as we have before indicated, that this court will soon go further on that line than it did in that case."

Here we have, I think, an express and authoritative recognition of the necessity for classification in making exemptions.

In *State ex rel. Sanderson v. Mann,* 76 Wis. 469, 45 N. W. 526, 46 N. W. 51, we find Mr. Justice CASSODAY, who wrote the majority opinion in *Wis. Cent. R. Co. v. Taylor Co.* 52 Wis. 37, 8 N. W. 833, earnestly, almost vigorously, protesting against any interpretation of the opinion in the last mentioned case which would authorize exemption except upon some principle of classification or which would authorize arbitrary exemptions. This, as we understand it, expressly recognizes that classification is necessary, although the classification is a very liberal one.

When we are presented with a case in which the exemption is arbitrary and in which other persons of the same class owning property of the same general description are awarded exemptions of a lesser amount, the situation is one in which the rule of uniformity is violated. It is impossible under the most liberal rule of classification to sustain it as a classification, because the class is already made and the situation is one in which a different amount of exemptions is allowed to one person of the class than to others of the same class. For example: in subd. 11, sec. 1038, there is an exemption from taxation of wearing apparel, family portraits, etc., not exceeding in value $200, and kitchen and other household furniture not exceeding in value $200. Here the class is determined by description of the property exempted. The rule of uniformity would be destroyed by an additional provision that certain persons of the same class should have $800 ex-

emptions of this class of property. So where the class con-
sists of the property of certain described persons as religious,
scientific, literary, or benevolent associations except one or
more, naming them. The legislature had, by sec. 1038, for
the purpose of providing exemptions, created a class consist-
ing of chartered colleges or universities and prescribed the
exemptions for that class. Aside from the act of 1901 the
plaintiff is entitled to all the exemptions of that class found
in sec. 1038. Plaintiff unquestionably belongs to the class
entitled to these exemptions. There is, as we view it, by the
act of 1901 conferred upon the plaintiff arbitrarily and not
as a class an additional exemption from taxation, based on no
distinctive feature of the person receiving the exemption or
the property exempted. It is very plain that the rule of uni-
formity mentioned in the constitution does not relate alone to
the rate or percentage of taxation. It is equally obvious that
the rule of uniformity may be as effectually abrogated by
arbitrary exemptions from taxation as by arbitrary imposi-
tions of unequal amount. The words of the constitution,
while recognizing the power of the legislature to designate the
property upon which taxes shall be laid, limit this power in
some degree by the requirement that the rule of taxation shall
be uniform. The section of the constitution mentioned must
stand in its full integrity, and the designation of property to
be taxed is to be exercised in obedience to the command that
the rule of taxation shall be uniform. The authorities here-
inbefore cited sufficiently show that this court has endeavored
in the past to adhere to this construction of the statute, rec-
ognizing, however, in the legislature a broader power of clas-
sification for the purpose of designating what property shall
be taxed than is ordinarily possessed in relation to other sub-
jects requiring classification.

The appellant cites numerous instances from 1855 to 1911
in which the legislature of Wisconsin has by private and local
act or general statute exempted from taxation certain de-

scribed property of a designated corporation or association. It is thence argued that the Wisconsin legislature has from a very early day placed such construction upon sec. 1 of art. VIII of the state constitution as to permit it to exercise this power notwithstanding that constitutional provision. The case of *Dean v. Borchsenius,* 30 Wis. 236,· and other like cases are invoked in support of the rule that the uninterrupted practice of the government prevailing through a long series of years and the acquiescence of all its departments settle a constitutional interpretation in accordance with such long continued practice. The principle, which we recognize, is not, however, controlling in the instant case (1) because, as it appears from the citations given, there was no such acquiescence on the part of the judicial department of the state; (2) few of the instances brought forward support the conclusion. The list starts out with the private and local law of 1855 (ch. 82) incorporating the Hesperian Society of the University of Wisconsin and exempting from taxation its personal property and the real estate actually occupied by it for the purposes for which it was incorporated. If there were no other members of that class, or if property used for the purposes of the Hesperian Society constituted a class; or, in other words, was unique and distinct in its uses or purposes from any other property in the state of Wisconsin, the act would be of undoubted validity and no precedent for the interpretation sought to be placed by appellant upon the section of the constitution in question. Ch. 104 of the Private and Local Laws of 1855, which incorporates the Columbus Collegiate Institute and exempts from taxation its library, apparatus, cabinet, and lands not exceeding ten acres, is next cited. This is not materially different from subd. 3 of sec. 1038, Stats. (1898), and is not entitled to the interpretive weight given it by the appellant. The same is true of ch. 516, P. & L. Laws of 1856; ch. 282, P. & L. Laws of 1867; ch. 334, P. & L. Laws of 1863; ch. 382, P. & L. Laws of

1870, etc. The considerations mentioned with reference to ch. 82, P. & L. Laws of 1855, also apply to the instances covered by ch. 203, Laws of 1861; ch. 441, Laws of 1865; ch. 68, Laws of 1866; ch. 59, P. & L. Laws of 1869; and ch. 324, P. & L. Laws of 1870. In the large list of acts mentioned there are instances in which the exemption is arbitrary. But, as we have seen, these instances occurred in the legislative branch of the government, while this court has been declaring the opposite rule. Many of the acts mentioned were passed at a time when the corporations or associations whose property was exempted were the first or only one of that kind existing in the state, and before the state legislature had by general act classified exemptions from taxation so as to bring such corporation or association into a class. Those instances cited which show a clear violation on the part of the legislature of sec. 1 of art. VIII of the state constitution, going to destroy the requirement of uniformity by arbitrary exemptions, prove too much.

"The rule, that practical construction of a law will be regarded by the court as controlling after long acquiescence, is invoked. That rule is familiar, and that it may apply where a constitutional question is involved. *Dean v. Borchsenius,* 30 Wis. 236. But it has no application to a legislative enactment which, in neither its literal sense nor its application to the subject it affects, is ambiguous. In such a case there is no room for the operation of the rule of practical construction, or any other. The act must be taken to mean what its language obviously indicates, regardless of the length of time that a contrary view has obtained. *Travelers' Ins. Co. v. Fricke,* 94 Wis. 258, 265, 68 N. W. 958." *Milwaukee Co. v. Isenring,* 109 Wis. 9, 27, 85 N. W. 131.

Turning to the case last mentioned in the above quotation we find it there stated:

"The doctrine of practical construction of a doubtful statute is well understood, and it has been recognized and acted upon by this court. *Scanlan v. Childs,* 33 Wis. 663; *State ex*

*rel. Hudd v. Timme,* 54 Wis. 318, 11 N. W. 785. It is an absolute requisite, however, in the application of the doctrine, that the law so construed must be doubtful, ambiguous, or uncertain. It can have no force against plain language. 'A customary violation of the plain language of the law gives no authority for continuing such violation.' *State ex rel. Raymer v. Cunningham,* 82 Wis. 39, 50, 51 N. W. 1133; Sutherland, Stat. Const. § 308; *State ex rel. Weiss v. District Board,* 76 Wis. 177, 44 N. W. 967."

"Acquiescence for no length of time can legalize a clear usurpation of power, where the people have plainly expressed their will in the constitution, and appointed judicial tribunals to enforce it." Cooley, Const. Lim. (7th ed.) ch. 4, pp. 106, 107.

In the application of this section of the constitution to some cases there may arise doubt or ambiguity. But I think not with reference to the case here before the court, where at and prior to the passage of the exemption law the class to which the corporation belongs and in which it is included is fixed by the legislature and provided with a definite exemption of property from taxation. The new statute giving this particular corporation *eo nomine* a further and additional exemption of the same general class of property plainly contravenes the rule of uniformity of taxation required by the constitution, and is for that reason invalid. It follows that the judgment appealed from must be affirmed.

*By the Court.*—Judgment affirmed.

MARSHALL, J., took no part.