LANG, Respondent, vs. CHICAGO & NORTH WESTERN RAIL-
WAY COMPANY, Appellant.

*February 8—March 6, 1951.*

For the appellant there were briefs by *E. H. Borgelt, Richard S. Gibbs,* and *Edmund W. Powell,* all of Milwaukee, and oral argument by *Mr. Powell* and *Mr. Gibbs.*

For the respondent there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *Charles F. Smith.*

GEHL, J.   The material facts here presented are the same as those presented at the former trial. They are found in *Lang v. Chicago & N. W. R. Co.* 256 Wis. 131, 40 N. W. (2d) 548. The judgment was reversed because of error in the instructions to the jury. At the first trial, as at the second, the defendant was found guilty of causal negligence with respect to speed and to ringing of the engine bell, and the plaintiff was found guilty with respect to management and control. At the first trial eighty-five per cent of the causal negligence was attributed to the defendant, and at the second eighty per cent thereof was charged to it.

The question whether the evidence supported the findings of the jury was presented to the court on the former appeal, and, if not expressly, was by implication decided.

If the evidence upon the second trial was substantially the same as that presented upon the first, that decision is the law of the case upon this appeal and must govern. *Habenicht v. Chicago, St. P., M. & O. R. Co.* 134 Wis. 268, 114 N. W. 497.

"The law upon a proposition involved being once declared upon a review of a judgment remains the law of the case in all subsequent trials and reviews, unless for obvious and compelling reasons . . . it is departed from." *Georgeson v. Nielsen,* 218 Wis. 180, 182, 260 N. W. 461.

Defendant contends that upon the second trial additional facts were proved, that the evidence was not substantially the same. It contends that plaintiff's testimony at the second trial that he intended to stop for the crossing regardless of whether a train might be coming or not was a substantial variation. In view of the fact that he did not stop it does not seem to us to be so material that he did or did not intend to. As new evidence it also cites plaintiff's testimony that the icy condition of the road rendered it impossible for him to stop his truck as he approached the crossing; this testimony is no substantial departure from that adduced at the first trial. It was brought out by defendant for the first time at the second trial that had the train been traveling within the statutory speed limit it could not have been stopped in time to have avoided the collision. If we understand defendant's contention with respect to the latter testimony it is that the speed of the train did not mislead the plaintiff. That is probably correct, but its omission from the first trial did not deter the jury from finding plaintiff guilty of negligence.

What was said in *Zimmer v. Fox River Valley E. R. Co.* 123 Wis. 643, 645, 101 N. W. 1099, is applicable here:

"It is true, defendant has produced more evidence tending to refute it [plaintiff's claim] ; but in its effect it cannot be said to render the affirmative evidence of negligence incredible, for it is not of the class of evidence, such as some indisputable physical fact, which of itself renders the evidence

tending to show negligence necessarily incredible. The additional evidence served but to emphasize the conflicting statements of witnesses, which should be resolved by the jury in passing upon the issues, and in determining the credibility of the witnesses and the weight of the evidence. Under this state of the evidence, the question whether the case should have been submitted to the jury upon the issue of actionable negligence was foreclosed by the former decision."

We conclude that the testimony at the two trials was substantially the same and that we may not review our decision upon the first appeal.

Furthermore, we have examined the testimony offered at the second trial and conclude, as we did upon the first appeal, that the findings of the jury are amply sustained.

Defendant requested that there be submitted in the special verdict an inquiry as to whether plaintiff was negligent with respect to failing to stop his truck at a point not less than twenty nor more than forty feet from the main-line track. It contends that the provisions of secs. 85.92 and 194.01, Stats., require such inquiry. Sec. 85.92 requires that the drivers of motor vehicles described in sec. 194.01 who shall drive the vehicle on or across a grade crossing with the main-line track of any railroad, unless the crossing be protected, shall come to a full stop at a distance of at least twenty and not more than forty feet from the track. Sec. 194.01 describes a "contract motor carrier" as "any person engaged in the transportation by motor vehicle of property for hire and not included in the term 'common motor carrier of property.' "

The form of the question requested indicates that defendant desired an inquiry as to plaintiff's statutory duty to stop, *not* as to his general duty, if one existed. It is necessary, therefore, to determine whether secs. 85.92 and 194.01, Stats., were applicable to him at the time of the accident.

Plaintiff's counsel presented their testimony upon the former trial upon the erroneous assumption that the truck being operated at the time of the collision was operated by

plaintiff licensed as a contract motor carrier. Before the second trial counsel discovered that plaintiff did not have the license; that his son was the licensee and generally operated the truck as a contract motor carrier; that plaintiff operated the truck only a part of the time and in connection with the operation of his own farm; that at the time of the accident plaintiff was not operating the truck for hire, that no property except his own was on the truck, and that he was operating it for the sole purpose of hauling malt from a brewery to his farm. Evidence to that effect was put in at the second trial and was undisputed.

Since these facts did not appear at the first trial we conclude that we are not bound by what was said on the former trial, nor upon the former appeal, with respect to plaintiff's statutory duty to stop.

In *Riley v. Chicago & N. W. R. Co.* 255 Wis. 172, 38 N. W. (2d) 522, cited by defendant, the statutes and their effect were not considered. It also cites *Glendenning Motorways v. Green Bay & W. R. Co.* 256 Wis. 69, 39 N. W. (2d) 694. In that case the plaintiff at the time of the accident was operating its tractor-trailer as a common motor carrier, clearly making secs. 85.92 and 194.01, Stats., applicable and requiring the driver to stop as in sec. 85.92 provided. Language supporting plaintiff's contention is used there (p. 73) :

". . . an automobile would not be included under ch. 194, Stats., unless it were used for hire in the transportation of passengers or property."

In none of the other cases cited by defendant was the court required to consider the question whether the character of the momentary use of the vehicle was controlling.

Obviously, sec. 85.92, Stats., was enacted as a safety measure, intended for the protection of persons and property carried by licensed carriers. Defendant contends that the statute applies to every operation of the truck, whether it is being operated under its license as a carrier or not. It is true that

the language is general and, if literally construed, would include every operation. We may not, however, construe it according to its strict letter if it is clear that we must do otherwise to present the intent of the legislature.

". . . language quite plain and persuasive when viewed merely in the light of its immediate context must yield in meaning to the general scope and purpose of the act of which it forms a part, if such scope and purpose is plain and unambiguous, and if the language used is susceptible of a meaning consonant with such general scope and purpose." *Estate of Stephenson,* 171 Wis. 452, 456, 177 N. W. 579.

It is only when a vehicle is being operated in pursuit of a licensed purpose that the provisions of sec. 85.92, Stats., apply.

We should also observe that violation of the statute carries a penalty, and that in case of uncertainty a penal statute should be read so as to minimize rather than to extend its penal character; it must be construed to exclude acts not clearly within the legislative purpose. *State ex rel. Shinners v. Grossman,* 213 Wis. 135, 250 N. W. 832.

Defendant also urges that we should find that plaintiff's causal negligence was in excess of fifty per cent. At the first trial the jury attributed to the defendant eighty-five per cent of the fault of the accident; at the second eighty per cent was attributed to it. We do not consider that we may disturb this apportionment. It was for the jury and we so conclude.

*By the Court.*—Judgment affirmed.