UNION CEMETERY, Appellant, v. CITY OF MILWAUKEE, Respondent.

*February 8—March 7, 1961.*

66

For the appellant there was a brief by *von Briesen & Redmond,* and oral argument by *Ralph von Briesen* and *E. Thomas Schilling,* all of Milwaukee.

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Ewald L. Moerke, Jr.,* and *John F. Kitzke,* assistant city attorneys, and oral argument by *Mr. Moerke.*

HALLOWS, J.  The exemption of the plaintiff from special assessments was valid when the legislature chartered the plaintiff by special legislation in 1865 and 1868. Exemptions from special assessments are within the discretion of the legislature and need not follow the rule of uniformity applied

to exemptions from general taxation. *Lamasco Realty Co. v. Milwaukee* (1943), 242 Wis. 357, 8 N. W. (2d) 372; *Lawrence University v. Outagamie County* (1912), 150 Wis. 244, 136 N. W. 619. By the Wisconsin constitution, sec. 1, art. VIII, taxation must be uniform but taxes and assessments are not always synonymous. *Yates v. Milwaukee* (1896), 92 Wis. 352, 66 N. W. 248; *Dalrymple v. Milwaukee* (1881), 53 Wis. 178, 10 N. W. 141. Special assessments are not subject to the general rule of uniformity and the constitutional rule does not apply to them. *Bond v. Kenosha* (1863), 17 Wis. 292 (*284); and *Milwaukee v. Taylor* (1938), 229 Wis. 328, 282 N. W. 448.

The exemption from special assessments was granted to the plaintiff by the process of legislation by reference. Although this device has been the subject of criticism, referential legislation is a common practice. The effect of incorporating the provisions of another statute by words of reference rather than by verbatim repetition of the provisions of the statute previously enacted is to make the earlier or adopted statute as much a part of the later or incorporating statute as though the provisions had been set forth verbatim and at length. 168 A. L. R. 627; 50 Am. Jur., Statutes, p. 58, sec. 38. In construing referential legislation, it is, therefore, necessary to look beyond the four corners of the incorporating statute and include within its periphery the incorporated or adopted provisions of the other statute.

The question in this case is, What is the effect on the incorporating statute of a subsequent repeal of the incorporated statute? If there is a repeal of the incorporated statute, Does such repeal flow back through the reference and excise from the incorporating statute the repealed statute so as to leave the incorporating statute bereft of its reference? In the absence of legislative intent which does not appear in the special charter, resort must be had to rules of construction. In

formulating these rules, this court has followed the common-law rules developed by the American cases and has distinguished specific and general references. When the adopting statute incorporates an earlier statute or a limited and a particular provision thereof by specific reference, such incorporation takes the statute as it existed at the time of incorporation and does not prospectively include subsequent modifications or a repeal of the incorporated statute or portions thereof. *Mueller v. Milwaukee* (1949), 254 Wis. 625, 37 N. W. (2d) 464; *Milwaukee County v. Milwaukee Western Fuel Co.* (1931), 204 Wis. 107, 235 N. W. 545; *Flanders v. Merrimack* (1880), 48 Wis. 567, 4 N. W. 741; *Sika v. Chicago & N. W. R. Co.* (1867), 21 Wis. 375 (\*370). However, when a statute incorporates the general law on a particular subject, the reference is construed to mean that such statute as it exists at the time of incorporation and at any given time thereafter is incorporated. Thus a general reference adopts prospectively the future alterations and even the repeal of the incorporated law. *George Williams College v. Williams Bay* (1943), 242 Wis. 311, 7 N. W. (2d) 891; *Hay v. Baraboo* (1906), 127 Wis. 1, 105 N. W. 654. These rules of construction are discussed in 2 Sutherland, Statutory Construction (3d ed.), p. 548, sec. 5208; 82 C. J. S., Statutes, p. 517, sec. 301; 168 A. L. R. 628; and 50 Am. Jur., Statutes, p. 58, sec. 39. In England, the distinction between a specific and general reference is not recognized. There the incorporating reference, unless the adopting statute provides otherwise, does not carry changes thereafter made in the adopted statute. See Legislation—By Reference, 1950 Wisconsin Law Review, 726.

The distinction between a general and a specific reference lies in the manner of reference and what is incorporated. A specific reference refers specifically to a particular statute by its title or section number and incorporates only a part of the law on a subject. A general reference refers generally

to the law on a subject and incorporates the entire subject matter. 2 Sutherland, Statutory Construction (3d ed.), p. 547, sec. 5207. *George Williams College v. Williams Bay, supra.* The charter of the plaintiff referred to the specific sec. 15 of ch. 67, R. S. 1858, which dealt only with exemption from taxation and special assessments of cemeteries incorporated under ch. 67. The reference was not to the law of cemeteries generally. It, therefore, follows that the reference being specific, the repeal of ch. 67, R. S. 1858, by ch. 205, R. S. 1878, did not repeal the exemption granted to the plaintiff.

However, the respondent city claims that this rule of construction has been repudiated by *Glendenning Motorways v. Green Bay & W. R. Co.* (1949), 256 Wis. 69, 39 N. W. (2d) 694, which case was cited and discussed in *Borden Co. v. Minneapolis, St. P. & S. S. M. R. Co.* (1955), 270 Wis. 601, 72 N. W. (2d) 336, and *Lang v. Chicago & N. W. R. Co.* (1951), 258 Wis. 610, 46 N. W. (2d) 844. It is true this court failed to apply this rule of construction to a specific reference in the *Glendenning Case.* That case involved the applicability of sec. 85.92, Stats., which required any motor vehicle described in sec. 40.34 and sec. 194.01 to come to a full stop before crossing the main-line tracks of a railroad. It was urged that sec. 85.92 only applied to buses but the court found by reference to sec. 194.01 that the section also applied to motor carriers of property. The opinion does not point out that sec. 194.01 had been amended to include motor carriers of property after the date of reference and the point was not raised in the three cases cited and relied on by the court. The most that can be said is this court failed to apply the rule of construction of specific reference. However, the decision did not reject the rule or discuss it.

The city argues ch. 205, R. S. 1878, clearly evinces an intent to repeal all prior statutes which were incorporated in older statutes and into private and local laws. True, ch. 67,

R. S. 1858, was expressly repealed by sec. 4978 of ch. 205, R. S. 1878, but we find no intent to repeal the exemption of the plaintiff granted to it in its special charter by reference to sec. 15 of ch. 67 from that fact or because ch. 59, R. S. 1878, as re-enacted relating to cemeteries generally, contained no provision for their exemption from special assessments. The Revised Statutes of 1878 were not such an enactment dealing specifically with a particular subject as to make *Gymnastic Asso. v. Milwaukee* (1906), 129 Wis. 429, 109 N. W. 109, or *State ex rel. Thompson v. Beloit City School Dist.* (1934), 215 Wis. 409, 253 N. W. 598, applicable. These cases held a general enactment superseded an earlier special act on the ground the legislative intent to do so was found in the language of the general act.

The final question presented is whether sec. 66.64, Stats., which was sec. 75.65 in the older statutes and was enacted in 1903, repealed the plaintiff's exemption as decided by the trial court. This section enacted as ch. 425, Laws of 1903, was entitled "An act making the property of municipal, railroad, and other corporations, liable for special assessments for local improvements, and providing for the collection thereof." It provided:

"The property of every county, city, village, town, and school district, within this state, and of every corporation, company, or individual operating any railroad or street railway, telegraph, telephone, electric light or power system, or doing any of the business mentioned in chapter 51 of the statutes of 1898, and of every other corporation or company whatever, shall be in all respects subject to all special assessments for local improvements . . ."

The city contends the language of this section was intended to be complete, all-embracing, and to cover the subject matter of special assessments and, therefore, it is reasonably apparent that the legislature intended by implication to repeal the plaintiff's exemption. The city relies on the *Glendenning*

*Case,* the *Thompson Case,* and *Chippewa & Flambeau Improvement Co. v. Railroad Comm.* (1916), 164 Wis. 105, 159 N. W. 739. The appellant contends that this section neither evinces a nonequivocal expression of legislative intent to effectuate the repeal nor repeals the exemption by implication. It is conceded, legislation directed toward a special subject is ordinarily preponderant over a more-general act and the passage of a general act will generally not affect a special act relating to the same subject unless the legislative intent to make the general act controlling is apparent.

Repeals by implication are not favored in the law. The earlier act will be considered to remain in force unless it is so manifestly inconsistent and repugnant to the later act that they cannot reasonably stand together, *Kienbaum v. Haberny* (1956), 273 Wis. 413, 78 N. W. (2d) 888, *Milwaukee County v. Milwaukee Western Fuel Co., supra,* or when the intent of the legislature to repeal by implication clearly appears. *McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N. W. 370. See also 1 Sutherland, Statutory Construction (3d ed.), p. 487, sec. 2021. See *Wood v. Hustis* (1863), 17 Wis. 429 (*416), and *Crosby v. Smith* (1865), 19 Wis. 472 (*449), for the application of the rule to private and local laws.

Sec. 66.64, Stats., does not appear to us to be a general act covering the entire subject matter of special assessments. The words "and of every other corporation or company whatever" under well-established rules of construction must refer to the more-specific language and class of corporations specifically enumerated in the language preceding this general phrase. Even the title of the act did not pretend to cover all corporations. Under this construction, sec. 66.64 does not create an irreconcilable conflict with the plaintiff's exemption for special assessments for local improvements.

In addition, we do not find the intent of the legislature in passing sec. 66.64, Stats., contended for by the city for

another reason. In sec. 1.07 of the Milwaukee City Charter, 1934 Compilation, p. 29, ch. 449, Laws of 1891, there is a provision that nothing in the act fixing the boundaries of the city shall be construed as repealing the charter or any existing law affecting the powers, rights, interest, property, exemptions, or privileges of cemeteries within the city, and then the act provides that any provisions of the charter or ordinances of the city of Milwaukee or any general statutes of the state prohibiting the location or use of lands for cemeteries within the city or relating to the taking of lands for public use or the improvements of streets, alleys, or highways by the city shall not be applicable to cemeteries. In view of this expression of the legislature in 1891, it is difficult to find in sec. 66.64, enacted thereafter, a legislative intent to repeal by implication the exemption given to the plaintiff by reading the general language "other corporations" to include it. The *Gymnastic Asso. Case,* the *Thompson Case,* and the *Chippewa Case,* cited by the city are not applicable, as no general intent of the legislature in adopting sec. 66.64 can be found to repeal the plaintiff's exemption.

*By the Court.*—Order reversed, with directions to enter an order granting the appellant's motion for summary judgment.

CURRIE, J. (*dissenting*). I respectfully dissent on the ground that sec. 75.65, Stats. 1951 (now renumbered sec. 66.64), in effect when the instant special assessments were initiated, has repealed the plaintiff's prior exemption from special assessments. Such statute reads as follows:

"The property of every county, city, village, town, school district, sewerage district or commission, sanitary or water district or commission, or any public board or commission within this state, and of every corporation, company, or individual operating any railroad or street railway, telegraph, telephone, electric light or power system, or doing any of the

business mentioned in chapter 76, *and of every other corporation or company whatever,* shall be in all respects subject to all special assessments for local improvements and certificates and improvement bonds therefor may be issued and the lien thereof enforced against such property in the same manner and to the same extent as the property of individuals. . . ." (Italics supplied.)

The majority opinion construes the italicized words as restricted to mean only other corporations of the same class as those previously enumerated specifically thereby employing the canon of construction of *ejusdem generis.* However, such canon of statutory construction is not to be employed if it is apparent from the reading of the statute that to do so is contrary to the legislative intent. 2 Sutherland, Statutory Construction (3d ed.), p. 407, sec. 4914; 82 C. J. S., Statutes, pp. 664, 665, sec. 332; *Helvering v. Stockholms Enskilda Bank* (1934), 293 U. S. 84, 88, 89, 55 Sup. Ct. 50, 79 L. Ed. 211.

The words *"every other"* and *"whatever"* as applied to "other corporation or company" clearly indicate a legislative intention that the legislature did not have in mind other corporations or companies of the same class as those specifically enumerated.

There is a further exception to the canon of *ejusdem generis* that is applicable here. 82 C. J. S., Statutes, p. 665, sec. 332, states such exception as follows:

"The rule does not apply where its application would render meaningless the general words, as where the specific words exhaust or embrace all objects of their class, so that the general words must bear a different meaning from the specific words or be meaningless."

All of the types of utility corporations or companies specifically enumerated are engaged in the business mentioned in ch. 76, Stats., and are covered by the statutory

words "or doing any of the business mentioned in chapter 76." Therefore, the classification was exhausted by such words and the ensuing words, "and of every other corporation or company whatever" must refer to corporations or companies different from and additional to those enumerated such as the plaintiff.

For these reasons I would affirm the judgment below.

I am authorized to state that Mr. Chief Justice MARTIN and Mr. Justice BROWN join in this dissent.