STATE of Wisconsin, Plaintiff-Appellant,

v.

Laverne CHRISTENSEN, Defendant-Respondent-Petitioner.

Supreme Court

*No. 81–483–CR. Argued December 2, 1982.—*
*Decided February 3, 1983.*

(Also reported in 329 N.W.2d 382.)

For the defendant-petitioner there was a brief by *Thomas P. Farley* and *Gerald P. Boyle, S.C.,* Milwaukee, and oral argument by *Mr. Boyle.*

For the plaintiff-appellant the cause was argued by *James H. McDermott,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

DAY, J.   This is a review of an unpublished decision of the court of appeals which reversed an order of the circuit court for Racine county, Dennis J. Flynn, Judge, which had dismissed an information charging the defendant, Laverne Christensen, with three counts of abuse of inmates in a residential care institution in violation of sec. 940.29(9), Stats. 1979. The statute reads in part as follows:

"940.29  **Abuse of inmates of institutions.** Any person in charge of or employed in any of the following institutions who abuses, neglects or ill-treats any person confined in or an inmate of any such institution or who knowingly permits another person to do so is guilty of a Class E felony: . . . (9) A residential care institution under s. 146.32(2)."

The complaint in this case charged the defendant with five counts of violating sec. 940.29(7), Stats. Following the preliminary hearing, an information was filed charging only three counts of abuse of an inmate in an institution.

During oral argument before this court, counsel for the defendant admitted that the allegations in the complaint would support a charge of the crime of battery but argued that the specific statute under which the defendant was charged had been repealed.

The sole issue raised on review is whether sec. 940.29 (9) continues in effect following repeal by the legislature of sec. 146.32(2), Stats. 1973.[1] We conclude it does not and reverse the decision of the court of appeals.

Defendant filed a motion to dismiss the information on November 13, 1980.[2] The motion did not specifically

[1] Prior to its repeal, sec. 146.32(1) and (2), Stats. 1973, read as follows:

"146.32 Residential care institution. (1) DEFINITION. A 'residential care institution' means, without limitation because of enumeration, any building, structure, institution, boarding home or other place for the reception and care of 3 or more unrelated individuals for not less than 72 hours in any week, who by reason of physical or mental disability, including mental retardation and mental illness, are in the opinion of a licensed physician, in need of care but not the care given in a nursing home as defined in s. 146.30(1)(a).

"(2) LICENSING AND STANDARD SETTING AUTHORITY. The department of health and social services shall license, develop, establish and enforce standards for the care, treatment, health, safety, welfare and comfort of persons in residential care institutions, and for the construction, general hygiene, maintenance and operation of such institutions, and shall adopt and enforce rules for such purposes. These standards shall be developed by program specialists in the department knowledgeable about the needs of prospective residents of residential care institutions. Such standards and rules shall provide that intermediate care facilities, as defined under volume 45, Code of Federal Regulations, part 249, which have 15 or fewer beds shall, if exempted from meeting certain physical plant, staffing and other requirements of the federal regulations, be exempted from meeting the corresponding provisions of the state's standards and rules."

[2] The motion to dismiss reads in part:

"[defendant] . . . respectfully moves this Honorable Court for the entry of an order dismissing the information and each and every count now on file herein on the grounds that the evidence adduced at the preliminary examination herein failed to establish sufficient facts and circumstances from which the District Attorney's Office of the above-stated county, pursuant to § 971.01, Wis. Stats., could file an Information alleging a violation of 940.29(9), and the evidence failed to establish sufficient facts

challenge the information on the ground that the crime charged in the information did not exist in Wisconsin because of the repeal of sec. 146.32(2), Stats.

However, at a motion hearing held on December 12, 1980, it was brought to the attention of the trial court[3] that the crime alleged in the complaint might not be a crime found in the Wisconsin statutes. On January 26, 1981, Judge Flynn issued a decision which dismissed the

upon which a neutral and detached magistrate could have found probable cause to believe that the defendant probably committed a felony within its jurisdiction."

[3] At the motion hearing, the following exchange took place:

"*The Court:* Mr. Kremkoski [the special prosecutor] has stated that among the various motions that have been filed the first one that should be dealt with—and we talked about this in my office as well—should be first a consideration of whether the crime alleged in the Information and in the criminal complaint is in fact a crime that exists in the State of Wisconsin. . . .

"There's an assertion that's been made the statute under which the defendant is charged, 940.20(9) [sic], it's asserted that that section of the statutes did exist at one time as a crime in Wisconsin, but that as a result of legislative action taken in the Laws of 1975, the specific provision under subsection (9), which is the allegation here, was repealed. Now the State has a response to that indicating that that is not what occurred, . . . it's being alleged and then responded to that that which the defendant is charged with is simply not a crime in Wisconsin because the legislature of our State in 1975 repealed the subsection that the defendant is charged under. . . . If the subsection doesn't exist, none of us have to be bright to know one can't be charged with a section that doesn't exist, if in fact that is the case. The defense indicates clearly in its motion that has been filed challenging jurisdiction of the Court because there's no subject matter jurisdiction, and the defense has not filed but apparently has the brief which—I take it back, is this the brief?

"*Mr. Boyle:* [defense attorney] Yes, Your Honor. . . .

"*The Court:* Let me first hear from the State. . . . When can you have your brief in?

"*Mr. Kremkoski:* . . . I would ask the Court to grant the State until the 16th of January to respond."

information on the grounds that the "specific type of inmate abuse alleged in the information is not a crime in the State of Wisconsin."

Judge Flynn stated at the motion hearing that the issue was whether the court had subject matter jurisdiction.[4] Where the offense charged does not exist, the trial court lacks jurisdiction. *Mack v. State,* 93 Wis. 2d 287, 295, 286 N.W.2d 563 (1980) ; *Champlain v. State,* 53 Wis. 2d 751, 754, 193 N.W.2d 868 (1972) ; *State v. Lampe,* 26 Wis. 2d 646, 648, 133 N.W.2d 349 (1965).

The state initially argues that Judge Flynn's order is a nullity because it was based on grounds not placed before the trial court by written motion. This argument is based on the misconception that a motion challenging the court's jurisdiction over the case must be made by the defendant before the court can make a determination as to jurisdiction. On the contrary, this court has stated frequently that "questions of jurisdiction can be raised at any time in the proceedings and even by the court upon its own motion."[5] Here, while the record is not clear as to how this issue came before the trial court, the record is clear that "a question of jurisdiction" was raised. We conclude that Judge Flynn acted properly in considering whether the statute in question had been repealed thus depriving the trial court of jurisdiction.

The court of appeals did not reach a decision on whether the jurisdictional issue was properly placed before Judge Flynn. It did, however, disagree with his decision. It concluded that the repeal of sec. 146.32(2),

---

[4] See fn. 3.

[5] *Kohnke v. ILHR Dept.,* 52 Wis. 2d 687, 689, 191 N.W.2d 1 (1971) ; *State v. Omernik,* 54 Wis. 2d 220, 222, 194 N.W.2d 617 (1972) ; *State v. Mendoza,* 96 Wis. 2d 106, 119, 291 N.W.2d 478 (1980).

Stats., did not imply the repeal of sec. 940.29 (9), and held that the information should not have been dismissed.

In defining the crime of abuse of an "inmate" in a "residential care institution," sec. 940.29 (9), Stats., refers only to those residential care institutions falling under the licensing provisions of sec. 146.32 (2). This section was, however, repealed by ch. 413, sec. 11 of the Laws of 1975.[6]

In addition to repealing sec. 146.32 (2), ch. 413 also created ch. 50 of the Wisconsin Statutes dealing with Care and Service Residential Facilities. The state argues that because sec. 50.01, Stats. 1975,[7] encompassed the

[6] The state contends sec. 146.32 was never repealed because the effective date of ch. 413 as set out in sec. 20 of that Act was never reached. Section 20 reads: "Effective Date. The department shall promulgate rules under section 50.01 within one year of the effective date of this Act. The Act shall take effect upon the implementation of the rules so promulgated."

"A statute should not be construed so as to work absurd or unreasonable results." *Estate of Evans*, 28 Wis. 2d 97, 101, 135 N.W.2d 832 (1965). When construing a statute, the court must consider the object to be accomplished by the statute. *Kollasch v. Adamany*, 104 Wis. 2d 552, 563, 313 N.W.2d 47 (1981).

Here the legislature clearly intended to place an effective date on the legislation it had enacted. While it is not clear as to what specific date was intended, the language set out above shows the legislature's apparent purpose to have the Act take effect within one year of publication at the latest. Since the purpose of statutory construction is to discern the intent of the legislature, *Kollasch*, 104 Wis. 2d at 563, we conclude the effective date of this statute to have been no later than one year after publication.

[7] "50.01 Community-based residential facilities. (1) DEFINITIONS. 'Community-based residential facility' means a place where 3 or more unrelated adults reside in which care, treatment or services above the level of room and board but less than skilled nursing care is provided to persons residing in the facility. Such

type of facility previously called "residential care institutions" in its definition of "community-based residential facilities," the intent of the legislature to continue the existence of the institution described in sec. 940.29 (9) is demonstrated. The state then argues that since the legislative intent is clear, sec. 940.29(9) continues as enforceable even though sec. 146.32(2) has been repealed. This argument ignores the fact that sec. 940.29 (9) refers only to "residential care institutions *under sec. 146.32(2),*" (emphasis added) and such institutions no longer exist under that statute.

Although sec. 50.01, Stats., encompasses what was formerly called a residential care institution in its broad definition of community based residential facilities, the legislature did not demonstrate any intent that the terms used in the two chapters were synonymous. The legislature did not repeal sec. 146.32, and recreate it as sec. 50.01. All the legislature did was repeal sec. 146.32. Where the legislature has not shown that the institution referred to in sec. 146.32, should now be considered to be the same as that described in sec. 50.01, we will not create the connection.

The State urges us to consider the rule of statutory construction set out in *Union Cemetery v. Milwaukee,* 13 Wis. 2d 64, 68, 108 N.W.2d 180 (1961):

---

care, treatment or services is provided as a primary function of such facility.

"(b) 'Primary function' means the basic or essential care, treatment or services provided to residents of a facility.

"(2) DEPARTMENTAL AUTHORITY. (a) Except as provided in s. 50.03(2)(b) and (4)(a), the department shall have exclusive authority to register, license, inspect and regulate community-based residential facilities.

"(b) The department shall establish several levels and types of community-based residential care facilities as provided in s. 50.03 (1)(a), including a category or categories designed to enable facilities to qualify for federal funds."

"When the adopting statute incorporates an earlier statute or a limited and a particular provision thereof by specific reference, such incorporation takes the statute as it existed at the time of incorporation and does not prospectively include subsequent modification or a repeal of the incorporated statute or portions thereof."

However, subsequent to the decision in *Union Cemetery,* the legislature has acted in sec. 990.001(5)(b), Stats. 1979–80, to establish rules for the construction of statutes.[8] The following direction is given in that section: "In construing Wisconsin laws the following rules shall be observed unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature. . . ." Here, because the intent of the legislature is not clear, we turn to sec. 990.001(5)(b), to assist us in the construction of sec. 940.29(9).

"990.001 **Construction of laws; rules for.** . . . (5) STATUTORY REFERENCES. . . . (b) When a decimal-numbered statute of this state contains a reference to another decimal-numbered statute of this state, the reference is to the *current* text of the statute referenced, and includes any change that has been inserted into and any interpretation or construction that has been adopted with respect to the referenced statute since the reference was first incorporated into the statute, whether or not the

[8] The intent of the legislature to have this statute supercede the rule set out in *Union Cemetery* is shown in the Legislative Council Note to sec. 990.001, 1979. That note, after explaining that the rules set out in *Union Cemetery* and other cases are "often vague and difficult to apply," the following statement is made:

"To ensure that both the legislature and the courts construe legislation by reference similarly, this bill sets out a rule of statutory construction on which courts can rely and which conforms to current legislative practice. *The rule will eliminate the present difficulty in correctly construing legislative intent when adopting decimal-numbered statutes by reference.*" (Emphasis added.) W.S.A. sec. 990.001 pocket part, 1982–83 at 38–39.

referenced statute is a general, specific, substantive or procedural statute. When a decimal-numbered statute refers to another decimal-numbered statute in a specific prior edition of the Wisconsin statutes, the reference does not include subsequent changes to the statute referenced." (Emphasis added.)

The rule requires that the current text of the referenced statute (sec. 146.32(2)) be examined in order to construe sec. 940.29(9), Stats. However, sec. 146.32(2) is not contained in the current text of the Wisconsin Statutes because it was previously repealed. Thus, sec. 940.29(9) makes it a felony to abuse an inmate in a defined institution which definition no longer has an existence under the law. We are left with the conclusion that when the legislature repealed sec. 146.32(2), it also effectively repealed sec. 940.29(9).

The State argues the general presumption against the implied repeal of statutes[9] militates against finding sec. 940.29(9) repealed by the repeal of sec. 146.32(2). There is a strong public policy favoring the continuing validity of a statute except where the legislature has acted explicitly to repeal it. However, there is an even stronger public policy in favor of the strict construction of penal statutes where there is doubt as to the statutory scheme.[10]

This canon of strict construction is grounded on two public policies. The first favors notice as to what conduct is criminal. The second recognizes that "since the power to declare what conduct is subject to penal sanctions is legislative rather than judicial, it would risk judicial usurpation of the legislative function for a court to enforce a penalty where the legislature had not clearly

[9] *State v. Zawistowski*, 95 Wis. 2d 250, 264, 290 N.W.2d 303 (1980).

[10] *State v. Wilson*, 77 Wis. 2d 15, 28, 252 N.W.2d 64 (1977).

and unequivocally prescribed it."[11] We conclude that the rule of strict construction of penal statutes requires that sec. 940.29(9), Stats., be construed as having been effectively repealed by the repeal of sec. 146.32(2).

This result is supported by the legislative treatment of sec. 940.29, Stats., since the repeal of sec. 146.32. The same piece of legislation which repealed sec. 146.32 and thereby affected sec. 940.29(9), also amended sec. 940.29 (7), to refer to a nursing home as defined in sec. 50.02. Section 940.29(7) had previously referred to nursing homes defined in sec. 146.30.[12]

In the Laws of 1977, the penalty violation was raised to that of a Class E felony.[13] Further, in 1979,[14] sec. 940.29(7), Stats., was again amended to refer to nursing home as defined in sec. 50.01(3). In spite of the attention sec. 940.29 had received from the legislature, until 1981 no attempt was made to change the reference to sec. 146.32(2) made in sec. 940.29(9). In 1981 the legislature apparently recognized the problem created by the repeal of sec. 146.32(2). In ch. 20, sec. 1820, Laws of 1981, subsection (9) of sec. 940.29 was repealed. In ch. 20, sec. 1819, sec. 940.29(8) was repealed and recreated to cover abuse of a resident in "a community-based residential facility as defined in sec. 50.01(1)." Based upon the allegations contained in the complaint, had this statute been in effect at the time of the crime, the defendant could have been properly charged under it.

In drafting penal statutes, the legislature has the burden of creating legislation which will eliminate any doubts as to what conduct is subject to penal sanctions.[15]

[11] *Id.*, citing 3 *Sutherland on Statutory Construction*, sec. 59.03, p. 8 (3d ed. 1968–1973).

[12] Chapter 413, sec. 18(10), Laws of 1975.

[13] Chapter 173, sec. 23, Laws of 1977.

[14] Chapter 124, sec. 4, Laws of 1979.

[15] *Wilson*, 77 Wis. 2d at 28.

This it failed to do. Under such circumstances, we must hold sec. 940.29(9), Stats. 1977, unenforceable.

*By the Court.*—Decision of the Court of Appeals is reversed.