LINDA REIVITZ, Secretary Department of Health Social Services
You have asked several questions about the proper interpretation of section 971.17, Stats., which deals with criminal defendants found not guilty by reason of mental disease or defect. That statute is set forth in full below:
 971.17 Legal effect of finding of not guilty because of mental disease or defect. (1) When a defendant is found not guilty by reason of mental disease or defect, the court shall order him to be committed to the department to be placed in an appropriate institution for custody, care and treatment until discharged as provided in this section.
 (2) A reexamination of a defendant's mental condition may be had as provided in s. 51.20(16), except that the reexamination shall be before the committing court and notice shall be given to the district attorney. The application may be made by the defendant or the department. If the court is satisfied that the defendant may be safely discharged or released without danger to himself or herself or to others, it shall order the discharge of the defendant or order his or her release on such conditions as the court determines to be necessary. If it is not so satisfied, it shall recommit him or her to the custody of the department.
 (3) If, within 5 years of the conditional release of a committed person, the court determines after a hearing that the conditions of *Page 77 
release have not been fulfilled and that the safety of such person or the safety of others requires that his conditional release be revoked, the court shall forthwith order him recommitted to the department, subject to discharge or release only in accordance with sub. (2).
 (4) When the maximum period for which a defendant could have been imprisoned if convicted of the offense charged has elapsed, subject to s. 53.11 and the credit provisions of s. 973.155, the court shall order the defendant discharged subject to the right of the department to proceed against the defendant under ch. 51. If the department does not so proceed, the court may order such proceeding.
According to your letter, there is some disagreement within the Department of Health and Social Services (Department) regarding what authority the Department has to supervise defendants who have been released from the treatment institution and how to calculate the maximum period of imprisonment under subsection (4). Your specific questions, as restated, are:
1. If a defendant is released from the institution pursuant to section 971.17(2), does the Department have authority to supervise the defendant if the court specifies supervision as one of the conditions of his release?
2. If the Department has authority to supervise a defendant conditionally released under subsection (2), is the supervision period always five years as specified in subsection (3), or does the supervision period end when the maximum period described in subsection (4) is reached?
3. If a defendant never achieves release through the reexamination process prescribed in subsection (2), could his release under subsection (4) be followed by a period of departmental supervision until a maximum discharge date?
4. Where a defendant has committed more than one offense, should the maximum period of imprisonment described in subsection (4) be calculated as if the defendant would have received consecutive or concurrent sentences? *Page 78 
Question 1
Under subsection (2), the court has three options following a reexamination hearing for a defendant previously committed upon a finding of not guilty by reason of mental disease or defect. If the court is satisfied that the defendant can be released from the institution without posing a danger to himself or others, the court has two choices: it can completely discharge the defendant from custody and supervision or it can order his release "on such conditions as the court determines to be necessary." The third option is recommitting the defendant to the custody of the Department if the court is not satisfied that discharge or conditional release could be accomplished without endangering the safety of the defendant or others.
Although subsection (2) does not explicitly provide that a conditionally released defendant can be subjected to departmental supervision such as occurs in a parole situation, it is my opinion that the Department has authority to supervise such persons if the court presiding over the reexamination hearing determines that such a condition is necessary.
The general rule is that an administrative agency has only those powers which are expressly conferred upon it or which may fairly be implied from the statutes under which it operates.Brown County v. H SS Department, 103 Wis.2d 37, 48,307 N.W.2d 247 (1981); Peterson v. Natural Resources Board, 94 Wis.2d 587,592, 288 N.W.2d 845 (1980); State (Dept. of Admin.) v. ILHRDept., 77 Wis.2d 126, 136, 252 N.W.2d 353 (1977). The specific powers of the Department are enumerated in section 46.03. Subsection (5) requires the Department to perform the following duties in the area of mental hygiene:
 (5) Mental hygiene. (a) Execute the laws relating to the custody, care and treatment of mentally ill, mentally infirm and mentally deficient persons, inebriates and drug addicts. It shall examine all institutions, public and private, authorized to receive and care for such persons, and inquire into the method of government and the management of persons therein, and examine into the condition of buildings, grounds and other property connected with any such institution and into matters relating to its management. *Page 79 
 (b) Direct the psychiatric field work, aftercare and community supervision and exercise such powers in relation to prevention as the department deems appropriate.
In my opinion, the broad grant of power which the above statute vests in the Department includes the authority to supervise defendants conditionally released under section 971.17(2), especially since section 46.03(5)(b) charges the Department with directing "aftercare and community supervision" of the mentally ill, mentally infirm and mentally deficient. My conclusion rests not only on this general grant of power but is also buttressed by the specific authority granted the Department by section 51.37(9) which reads as follows:
 51.37 Criminal commitments; central state hospital or mental health institutes.
. . . .
 (9) If in the judgment of the director of central state hospital, Mendota mental health institute, Winnebago mental health institute or the Milwaukee county mental health center, any person who is committed under s. 971.14 or 971.17 is not in such condition as warrants his or her return to the court but is in a condition to receive a conditional transfer or discharge under supervision, the director shall report to the department, the committing court and the district attorney of the county in which the court is located his or her reasons for such judgment. If the court does not file objection to the conditional transfer or discharge within 60 days of the date of the report, the director may, with the approval of the department, conditionally transfer any person to a legal guardian or other person, subject to the rules of the department.
In essence, the above provision authorizes the Department, upon the recommendation of the institution director, to conditionally release a defendant committed under section 971.17 without going through the reexamination procedure set forth in section971.17(2), if the committing court does not object within the statutorily prescribed time. Conditional release under section51.37(9) is "subject to the rules of the department."
You have advised that the rules which the Department applies to section 971.17 defendants conditionally released under section51.37(9) are the same rules it applies to probationers and parolees, such as those rules found in chapters HSS 31 and 328 of the Wisconsin *Page 80 
Administrative Code. Thus, section 971.17 defendants who are conditionally released pursuant to section 51.37(9), although not technically on parole, are treated in the same manner as parolees and may be required to report to a probation and parole agent. Since the Department has explicit authorization to supervise section 971.17 defendants who have been conditionally released at the behest of the institution director, it would be anomalous to conclude that the Department lacks the authority to also supervise defendants conditionally released by order of the court pursuant to section 971.17(2). Because statutes dealing with the same subject matter should be construed harmoniously, see Statev. Kay Distributing Co., Inc., 110 Wis.2d 29, 37, 327 N.W.2d 188
(Ct.App. 1982), I conclude that the Department has authority to supervise[1] defendants who are conditionally released pursuant to section 971.17(2) if the court determines such supervision is a necessary condition of release.
Question 2
You next ask whether the supervision period for defendants conditionally released under subsection (2) is always five years, as provided in subsection (3), or whether the supervision period must end when the maximum period described in subsection (4) is reached. It is my opinion that subsection (4) is controlling and that the Department has no authority to supervise defendants once the maximum period for which they could have been imprisoned, as that period is defined in subsection (4), has been reached.
In construing a statute, one must consider each of its parts in connection with every other part so as to produce a harmonious whole. Milwaukee County v. ILHR Dept., 80 Wis.2d 445, 454 n. 14,259 N.W.2d 118 (1977); State v. Wachsmuth, 73 Wis.2d 318, 323,243 N.W.2d 410 (1976). The only way to harmonize subsections (3) and (4) is to require that the period of supervision following a conditional release, when added to the time the defendant has already spent in custody, cannot exceed the maximum period of imprisonment as defined in subsection (4). Thus, if the maximum period of imprisonment as defined in subsection (4) is ten years, and the defendant *Page 81 
is conditionally released after spending six years in an institution, then the conditional release period can only be four years.
Permitting the supervisory period to extend for five years regardless of the maximum period the defendant could have been confined had he been convicted of the offense charged would render subsection (4) of the statute meaningless in some cases. For example, if a defendant charged with battery under section940.19(1) was found not guilty by reason of mental disease or defect, confined in an institution for six months, and then conditionally released for an additional five years, that defendant would be subject to control for five and one-half years, while a conviction for the same offense would only have netted him a maximum of nine months in jail, minus the credit due under sections 53.11 and 973.155, Stats. Such an interpretation would work an absurd result, thereby violating an elementary principle of statutory construction. See State v. Christensen,110 Wis.2d 538, 543 n. 6, 329 N.W.2d 382 (1983); State v.Britzke, 108 Wis.2d 675, 681, 324 N.W.2d 289 (Ct.App. 1982),aff'd, 110 Wis.2d 728, 329 N.W.2d 207 (1983).
Question 3
Your third question is whether a defendant who is discharged under subsection (4) can be subjected to an additional period of departmental supervision until he reaches what you refer to as a "maximum discharge date." You note parenthetically that because the maximum period of imprisonment defined in subsection (4) is calculated by crediting the defendant with good time under section 53.11, which also contains a provision for forfeiture of good time, the question has arisen whether the Department has authority to supervise the conduct of a defendant following his release pursuant to section 971.17(4). The answer is no.
For a defendant convicted of a crime, the mandatory release date is calculated by reducing the sentence actually imposed by the credit earned under sections 53.11 and 53.12 as well as the credit due under section 973.155. Sec. 53.11(7), Stats. Even after the mandatory release date is reached, however, such a defendant remains on parole until his maximum discharge date,i.e., the date he would have been released had he not received credit under sections 53.11 and 53.12. Id. Thus, when you refer to "maximum discharge date," I assume you are referring to the date on which the defendant's sentence *Page 82 
would have elapsed had he received the maximum sentence for the crime with which he was charged but had he not been given credit under section 53.11.
A convicted defendant who is released on mandatory parole is still subject to departmental supervision until he reaches his maximum discharge date. The same is not true of a defendant found not guilty by reason of mental disease or defect, however. Upon violation of prison regulations, the former category of defendants is subject to forfeiture of good time previously granted or earned. However, section 53.11(2) is inapplicable to persons found not guilty under section 971.17(1) because such persons are not confined in prisons but in institutions which do not even come under the control of the Division of Corrections. In fact, you advise that persons committed to forensic institutions after being acquitted by reason of mental disease or defect are not given conduct reports and do not suffer loss of good time for misbehavior.
Although the Legislature has decreed that defendants found not guilty by reason of mental disease or defect are entitled to good time credit under section 53.11, the Legislature has not seen fit to subject them to loss of that credit.[2] Since there is no statutory authorization for supervising a defendant who has been discharged under section 971.17(4), the Department is without authority to do so. If the Department believes that such a defendant still poses a danger to himself or others, it can institute proceedings against the defendant under chapter 51.
Question 4
Your final question concerns the proper way to calculate the maximum term of imprisonment described in section 971.17(4) where the defendant is found to have committed multiple offenses. Specifically, *Page 83 
you ask whether the maximum term of imprisonment in multiple-offense cases should be calculated as if the defendant would have received concurrent or consecutive sentences. In my opinion, the language of the statute requires that the maximum period of imprisonment in multiple-offense situations be calculated by assuming the imposition of consecutive sentences.
Subsection (4) requires that the defendant be discharged "[w]hen the maximum period for which [he] could have been imprisoned if convicted of the offense charged has elapsed, subject to s. 53.11 and the credit provisions of s. 973.155." In multiple-offense situations, the sentencing court has power to make all of the sentences consecutive to one another, if it so desires. See sec. 973.15(2), Stats. Thus, the maximum term for which a defendant could have been imprisoned if he had been convicted of multiple offenses rather than found not guilty by reason of mental disease or defect must be computed by adding together each maximum sentence he could have received and then subtracting the credit to which he is due under sections 53.11 and 973.155.
BCL:MMM
[1] Such defendants are not regarded as being in the Department's custody under section 971.17(2), however, since that section employs the word "custody" to denote physical control.
[2] In 70 Op. Att'y Gen. 170, 171 (1981), where I concluded that the credit provision of section 971.17(4) should not be applied retroactively, I stated as follows: "A final consideration in support of the conclusion described in this response relates to the practical application of the statute. The purpose of the statute is to provide an incentive for appropriate behavior. Statutory good time can be lost by disciplinary proceedings. Therefore, to grant it retroactively would defeat its purpose, since no adjustment could be made for disciplinary infractions which, had the statute been in effect at the time, might have resulted in a loss of a certain amount of good time." Since persons confined to state mental institutions pursuant to section 971.17 are not subject to the loss of good time credit granted under section 53.11, the above-quoted language implying the contrary is hereby withdrawn.