T.N. FREDERICK, Corporation Counsel Juneau County
You ask whether Juneau County is financially responsible for providing mental health services through its human services agency to residents conditionally released under section 971.17, Stats.
In my opinion, the answer is yes.
Your county department of human services is established pursuant to section 46.23 (3)(a). Under sections 46.23 (3)(b) and51.42 (3)(b), its financial obligations are specified in section51.42 (1)(b), which provides in part as follows:
 County liability. The county board of supervisors has the primary responsibility for the well-being, treatment and care of the mentally ill, developmentally disabled, alcoholic and other drug dependent citizens residing within its county and for ensuring that those individuals in need of such emergency services found within its county receive immediate emergency services. County liability for care and services purchased through or provided by a county department of . . . [human services] shall be based upon the client's county of residence except for emergency services for which liability shall be placed with the county in which the individual is found.
Section 971.17[1], which is applicable to individuals found not guilty by reason of mental disease or defect, provides in part as follows: *Page 182 
 (1) If a defendant is found not guilty by reason of mental disease or defect, the court shall order the defendant to be committed to the department to be placed in an appropriate institution for custody, care and treatment until discharged as provided in this section.
 (2) A reexamination of a defendant's mental condition may be had as provided in s. 51.20 (16), except that the reexamination shall be before the committing court and notice shall be given to the district attorney. . . . If the court is satisfied that the defendant may be safely discharged or released without danger to himself or herself or to others, it shall order the discharge of the defendant or order his or her release on such conditions as the court determines to be necessary. If it is not so satisfied, it shall recommit him or her to the custody of the department.
An individual conditionally released under section 971.17 (2) becomes a legal resident of the county of release if s/he is physically present in that county on a voluntary basis and has the requisite "intent to remain in a place of fixed habitation" within that county. Sec. 49.01 (8g), Stats. Absent any other statute, the county human services or other designated county agency would therefore be liable for the cost of his or her care under section51.42 (1)(b). See 76 Op. Att'y Gen. 103 (1987).
Resolution of your inquiry turns upon whether language contained in section 971.17 changes this result. I am of the opinion that it does not, for two independent reasons.
First, neither the Department of Health and Social Services nor the Department of Corrections has the authority to supervise defendants released under section 971.17 (2) unless "the court determines such supervision is a necessary condition of release." 73 Op. Att'y Gen. 76, 80 (1984). Consequently, defendants on conditional release under section 971.17 (2) "are not regarded as *Page 183 
being in the [former] Department's custody." 73 Op. Att'y Gen. at 80 n. 1.[2]
Second, "[t]he legislative pattern appears to be to make the Department responsible for direct delivery of services only in state institutions and for nonresidents; and to make counties responsible for delivery of services to their residents under state supervision." 66 Op. Att'y Gen. 249, 252 (1977).[3]
An individual's legal residence does not change when s/he is involuntarily committed under section 971.17 (1). See generally
25 Am. Jur. 2d Domicil §§ 41, 78 (1966). The county's statutory obligation to pay for his or her care is simply eliminated during the period of institutionalization:
 A county department of community programs may not reimburse any state institution or receive credit for collections for care received therein by nonresidents of this state, interstate compact clients, transfers under s. 51.35 (3), and transfers from Wisconsin state prisons under s. 51.37 (5)(a), commitments under s. 971.14, 971.17, 975.01, 1977 stats., 975.02, 1977 stats., 975.06 or admissions under s. 975.17, 1977 stats., or children placed in the guardianship or legal custody of the department of health and social services under s. 48.355, 48.427 or 48.43.
Sec. 51.42 (3)(as)1., Stats. While the more specific provisions of section 51.42 (3)(as)1. are controlling over the general provisions of section 51.42 (1)(b) concerning liability for care provided in a state institution under section 971.17 (1), there is no language in section 51.42 (3)(as)1. that absolves a county from its financial *Page 184 
responsibility for providing mental health services to its residents who have been conditionally released under section 971.17 (2).[4]
I therefore conclude that a county is financially responsible for providing mental health services to residents conditionally released under section 971.17.
DJH:FTC
[1] 1989 Wisconsin Act 334, effective January 1, 1991, repeals and recreates section 971.17. Since your question concerns financial responsibility under existing statutes, references in this opinion are to the current statutory scheme.
[2] Under section 971.17 (3)(e), effective January 1, 1991, with respect to offenses committed on or after that date, defendants on conditional release are in the custody of the Department of Health and Social Services. This first reason is therefore inapplicable to those situations.
[3] Section 971.17, effective January 1, 1991, does not alter this legislative pattern.
[4] I am aware that, under section 971.17 (2), a court may "impose conditions," including conditions of supervision, upon an individual who is released rather than discharged. However, such conditions are imposed on the defendant, not the Department of Health and Social Services or the Department of Corrections. In Grobarchik v. State, 102 Wis.2d 461, 467,307 N.W.2d 170 (1981), the court held as follows: "The fashioning of a criminal disposition is not an exercise of broad, inherent court powers . . . . If the authority to fashion a particular criminal disposition exists, it must derive from the statutes." Conditions imposed under section 971.17 (2) therefore may not deviate from the statutory scheme contained in chapter 51 of the statutes. *Page 185